Jimmy Ray KECK, Appellee,

v.

NATIONWIDE SYSTEMS, INC., Appellant.

Court of Appeals of Tennessee,
Eastern Section.

May 25, 1973.

Certiorari Denied by Supreme Court
Sept. 4, 1973.

Robert H. Watson, Jr., Knoxville, for appellant.

Jon G. Roach and Jerome Templeton, Knoxville, for appellees.

OPINION

PARROTT, Judge.

Defendant, Nationwide Systems, Inc., has appealed from the chancellor's refusal to set aside a default judgment entered against it in the amount of $6,603.00 compensatory damages and $5,000.00 punitive damages.

This original action was commenced by Jimmy Ray Keck's filing a complaint averring that he suffered damages as a result of defendant fraudulently misrepresenting a course of instructions in truck driving which complainant was induced to complete.

The complaint was filed on May 11, 1972 and served on the defendant's local office the same day. On June 15, 1972, plaintiff filed a motion pointing out the defendant had failed to answer or otherwise plead and asked for the entry of a default judgment. The chancellor's decree entered July 5, 1972, shows that the motion for default judgment was heard on June 13, 1972 and finds the defendant made false representations to the complainant to his detriment and fixed the damages as stated above.

On August 2, 1972, within 30 days from the entry of the decree, defendant filed a motion asking to set aside the decree. The motion states that through inadvertence and error, the summons and complaint became lost after same were mailed from defendant's Knoxville office to the main office in Indianapolis, Indiana.

In support of the motion was filed an affidavit of William P. Burger, an employee in the Knoxville office of the defendant. Mr. Burger's affidavit reiterates the statement in the motion that the summons and complaint were mailed to the national office and due to mistake or inadvertence, the documents were apparently lost. He further says defendant has a good and valid defense against the complainant in that there is documentary proof the defendant did not misrepresent the

training course to complainant nor did it ever make any promise to get complainant a job as averred in the complaint.

Also in support of the motion there was offered the testimony of Mr. James Smith, Southern District Manager for the defendant, whose testimony is substantially the same as Mr. Burger's affidavit.

After hearing the above proof on September 15, 1972, the chancellor entered an order on September 25, 1972, sustaining complainant's motion to strike defendant's motion to set aside the decree and affirmed the judgment as entered.

■■ Generally the grounds for vacating a default judgment are: mistake, inadvertence, surprise, excusable neglect or misfortune on the part of the defendant or his counsel. Ordinarily a default judgment is vacated where the appearance of the party or his pleading was prevented by some mistake of fact. See Rules of Civil Procedure 60.02; Boyd v. Merchants Deliv. Co. and Clarkson, 7 Tenn.App. 416; 49 C.J.S. Judgments § 334.

■■ The setting aside of a judgment addresses itself and lies within the sound discretion of the court. One can find numerous decisions where the courts make it clear they are anxious to see cases determined on the merits whenever such is possible. It seems to be a universal rule that when there is a reasonable doubt as to whether a default judgment should be set aside upon proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits. See 46 Am.Jur.2d, Judgments, Sec. 687.

In Jackson v. Crank, 1 Tenn.Cas. (Shann.) 599, where a default judgment was set aside, the court said:

"We may say here that the motion being made at the term when the judgment was rendered, supported by affidavit, such as we find in the record, excusing the failure to plead, accompanied by a

tender of a sufficient defense to the action, it would be almost a matter of course to set aside the judgment and let the party into his defenses."

Of like import, in Roberts v. Stewart, 9 Tenn. 390, it was said:

". . . the law delights in giving to every man a day in court to make his defence. Have the law and reason of the case allowed to these defendants this right? The record being under the control of the court, during the term, it was regular and proper in the court on the motion made, to set aside the judgment taken by default."

See also Brown v. Brown, 86 Tenn. 277, 7 S.W. 640; Fidelity-Phenix Fire Ins. Co. v. Oliver, 25 Tenn.App. 114, 152 S.W.2d 254.

 Applying the rules announced and followed by the above authorities, we are of the opinion the chancellor erred in not setting aside the default judgment entered in this cause. Therefore, his order sustaining complainant's motion to strike is reversed and the cause remanded for trial on the merits.

We have remaining appellee's motion filed in this court to dismiss the appeal on the grounds no appeal was prayed for or granted and that the bill of exceptions fails to include a recitation that it contains all the evidence heard.

As for the first ground that no appeal was prayed for or granted, we find to be without merit. It is noted that within the record, upon an order of the chancellor, defendant was granted additional time to file appeal bond. The aforesaid bond was timely and properly filed. Under these circumstances, even without a prayer for appeal, this court by writ of error could and would review the record.

We are at a loss to know why appellee asserts the second ground of the motion. The narrative bill of exceptions, in the last sentence of the first paragraph, includes the following: ". . . all the evidence submitted to the court." Certainly

the inclusion of the above is compliance with the requirement that the bill of exceptions contains all the evidence.

Let the costs incident to this appeal be divided equally between the parties. All other costs will abide the outcome below.

COOPER, P. J. (E. S.), and SANDERS, J., concur.