TENNESSEE STATE BANK,
Plaintiff–Appellee,

v.

Amy Lucille Reagan LAY,
Defendant–Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Sept. 12, 1980.

Permission to Appeal Denied by Supreme
Court Dec. 1, 1980.

Gary R. Wade, Sevierville, for plaintiff-appellee.

Jerry K. Galyon and Dwight E. Stokes, Sevierville, for defendant–appellant.

## OPINION

FRANKS, Judge.

Defendant has appealed the trial court's overruling her T.R.C.P., Rule 60 motion to set aside a default judgment.

In 1977, defendant, then a resident of Sevier County, purchased an automobile executing a retail installment sales contract providing for 36 monthly payments. The contract provided credit accident health insurance and was assigned to plaintiff bank. Defendant began making the monthly payments pursuant to the contract but, in September, 1977, she became disabled as a result of injuries and moved to Oregon to live with her daughter. Pursuant to medical advice, she filed a claim on her disability insurance policy for payments on the installment contract during her disability. In January, 1978, she received by mail a copy of the retail installment sales contract, stamped "paid" by plaintiff, with title to the automobile attached.

This suit was filed on March 3, 1978, alleging defendant was in default on the sales contract. Process was issued under the Long Arm Statute through the Secretary of State, which was returned indicating the return receipt was signed "Amy Lay" with the delivery date in Oregon of March 16, 1978. In April or early May of 1978, plaintiff's agent took possession of defendant's automobile in the State of Oregon; defendant then contacted a legal aid attorney in Oregon to investigate the circumstances surrounding the repossession of the vehicle. Plaintiff's complaint was not answered and a default judgment was entered against the defendant in the amount of $4,546.42 on June 22, 1978.

Defendant returned temporarily to Sevier County in July of 1978 and states she contacted an officer of the bank but was not informed that a judgment had been entered against her and was told by the bank officer that the bank did not receive the October 1977 payment, or any subsequent payments, and that the bank had held funds deposited by her for the payment of the contractual obligation.

On returning to Oregon, she engaged the services of an attorney who contacted the Clerk and Master of Sevier County who informed, by letter dated August 10, 1978, that a default judgment had been entered against defendant with an execution levied upon defendant's certificate of deposit in the Bank of Sevierville. Sevier County counsel was then retained to represent defendant and, on January 2, 1979, defendant filed a motion pursuant to Rule 60 to set aside the default judgment. On March 9, 1979, the motion was overruled "without precluding supplemental motions on the part of the Defendant" and, on March 19, 1979, defendant's counsel filed a "petition" to set aside the default judgment pursuant to Rule 60.02(1), alleging in detail the facts and circumstances defendant contends entitled her to have the default judgment set aside, to the effect that she was not served with a copy of the summons and complaint in the case and received no notice of the suit until after judgment was obtained, and that she had a valid defense to the action.

An answer was filed to the petition and various affidavits and countervailing affidavits were filed. On November 28, 1979, the trial court entered an order denying defendant's petition to set aside the default judgment.

Defendant contends the chancellor applied an erroneous standard of proof for relief under Rule 60.02, T.R.C.P. An excerpt from the chancellor's bench comment,

incorporated in the judgment, demonstrates the standard applied by the trial court:

> Judgments of Courts of record are not to be lightly changed, altered, amended or set aside, but only done upon very clear, convincing, cogent evidence that a true injustice has been done to the complaining party and that the complaining party is in no wise responsible, or termed in another way, negligent in protecting that party's interest.

Rule 60.02 permits the court to relieve a party or his legal representative from a final judgment, order or proceeding due to a mistake, inadvertence, surprise or excusable neglect. The burden is upon the movant to set forth in a motion or petition and supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect. *Hopkins v. Hopkins*, 572 S.W.2d 639 (Tenn.1978). Negligence on the part of the moving party is precisely the type of error this rule is designed to relieve. *Tate v. County of Monroe*, 578 S.W.2d 642 (Tenn. App.1978). And mistake, inadvertence, surprise, excusable neglect or misfortune of the moving party's attorney may be grounds for vacating a default judgment. *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266 (Tenn.App.1973). The granting of the motion to set aside a default judgment is within the sound discretion of the trial court and the court should grant the application whenever there is reasonable doubt as to whether the default judgment should be set aside. In *Keck*, Presiding Judge Parrott, speaking for this court, stated:

> It seems to be a universal rule that when there is a reasonable doubt as to whether a default judgment should be set aside upon proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits. 499 S.W.2d 266 at 267.

*Accord*: 46 Am.Jur.2d, *Judgments*, §§ 682, 686; 49 C.J.S. *Judgments* § 337j(4).

■ We conclude the trial judge applied the wrong standard in denying the application to set aside the default judgment.

■ Plaintiff relied upon an affidavit of a handwriting expert who was of the opinion that the signature on the return receipt was that of defendant. The defendant's affidavit stated she did not receive a copy of the summons and complaint and had no knowledge of the suit until after judgment had been entered and offered the affidavit of a friend and resident of Kansas who stated defendant was out of the State of Oregon between March 4 and March 22, 1978, on vacation with the affiant.

The record does not disclose defendant acted without due diligence or in a careless manner nor does it indicate that any neglect on her part was not excusable or justified by the circumstances of the case. When defendant became disabled she filed a claim with her insurance company, expecting payments to be made under the contract and, in January, she received a copy of the contract stamped "paid", with title to the automobile attached. She may have been led to believe the insurance company paid for the automobile. She contacted an attorney in Oregon soon after the automobile was repossessed. From this record it could be reasonably concluded that defendant was not informed of the chancery court proceeding until after judgment was rendered and that she thereafter acted diligently in attempting to protect her rights.

Finally, the plaintiff asserts it would be prejudiced if the default judgment is set aside, arguing that the automobile was sold to a third party and the retail installment contract reduced to a satisfied judgment prior to defendant's taking any action to set aside the default judgment. Plaintiff did not seek an attachment of the automobile at the time of filing suit but obtained possession of the automobile prior to reducing the installment contract to judgment. The judgment was satisfied by executing on defendant's bank account in Sevier County, which did not fully satisfy the judgment,

and then levying upon the vehicle and selling the same at a sheriff's sale which satisfied the judgment. These circumstances do not demonstrate prejudice that would defeat defendant's right to set aside the default judgment.

The determination of the chancery court is reversed and the default judgment is set aside and the cause is remanded to the Chancery Court of Sevier County for further proceedings in accordance with the Rules of Civil Procedure. Costs incident to the appeal are assessed against plaintiff.

SANDERS and GODDARD, JJ., concur.