IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2002 Session

## ESTATE OF ANTHONY D. VANLEER V. SARA HARAKAS, ET AL.

Appeal from the Chancery Court for Hickman County
No. 991524      Donald P. Harris, Judge

---

### No. M2001-00687-COA-R3-CV - Filed December 5, 2002

---

A default judgment was entered against Sara and Andre Harakas, the Appellants herein,  in a dispute over defects in the construction of a residence.  At the time the default judgment was entered, Mr. and Mrs. Harakas had not answered the complaint.  Mr. and Mrs. Harakas filed a *pro se* motion to set aside the default judgment, arguing that they did not receive the notice of the motion for default judgment, which the trial court denied after a hearing that included testimony from Mrs. Harakas.  Mr. and Mrs. Harakas then retained an attorney who filed a motion to alter or amend the refusal to set aside the default judgment and a second motion to set aside the judgment taken by default.  The trial court denied these motions.  Because there was reasonable doubt as to whether the default judgment should have been set aside, we reverse the trial court's refusal to set aside.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., and IRVIN H. KILCREASE, SP. J., joined.

Karla C. Hewitt, Nashville, Tennessee, for the appellants, Sara Harakas and Andre Harakas.

Ronald Kilgore, Kirk Vandivort, Charlotte, Tennessee, for the appellee, The Estate of Anthony Douglas Vanleer.

### OPINION

This case involves a dispute over defects in the construction of a residence owned by Mr. Anthony Vanlee, now deceased, and the trial court's grant of a default judgment for his Estate.  Mr. Vanleer entered into a contract with Sara and Andre Harakas in March of 1996 for the construction of a home.  The house was completed in April of 1996, and Mr. Vanleer took possession of the residence in May.  Tragically, on October 27, 1996, Mr. Vanleer was murdered.  His mother, Mrs. Martha A. Vanleer, was appointed administratrix of the Estate and assumed the role of owner of the property.

According to Mrs. Vanleer, in late 1996 problems began to arise with workmanship and the failure of Mr. Harakas to fulfill certain terms of the contract. Although discussions took place between the parties and, apparently, some work was performed, the dispute continued until Mrs. Vanleer filed suit on behalf of the Estate on December 22, 1999, alleging breach of warranty, equitable estoppel, and breach of contract. Due to the nature of this appeal, the procedural history of the case at the trial court level is of paramount importance.

On December 24, 1999, Mr. and Mrs. Harakas were served with the complaint. On January 20, 2000, Mr. and Mrs. Harakas, appearing *pro se*, wrote a letter to opposing counsel and sent a copy of the letter to the trial court asking for thirty (30) additional days to answer the complaint.[1] Mr. and Mrs. Harakas claimed that health problems prevented them from filing an answer.

On April 7, 2000, the Estate filed a motion for default judgment. The motion contained a certificate of service, signed by counsel for the Estate and certifying that it was mailed to Mr. and Mrs. Harakas that day at the same address. The trial court granted the motion for default judgment on May 9, 2000, at which time the Harakases still had not filed an answer. Mr. and Mrs. Harakas did not appear at the hearing on the motion for default judgment. The trial court mailed a copy of the default judgment to Mr. and Mrs. Harakas, notifying them of the judgment and the date on which the hearing for damages would be held in the trial court, June 5, 2000. Mr. and Mrs. Harakas came to the courthouse that day but missed the hearing on damages because they were late for the docket call. The same day, Mr. and Mrs. Harakas filed a motion to set aside default judgment.[2]

On July, 18, 2000, Mrs. Vanleer, her counsel, and Mr. and Mrs. Harakas appeared at the hearing on the motion to set aside the default judgment. Mrs. Harakas testified that she and her husband did not receive notice of the motion for default judgment. The judge appointed to hear the arguments on the motion was different from the judge who had heard all previous issues regarding the Estate's complaint. Mr. and Mrs. Harakas filed an answer[3] and cross-complaint on the same day, again appearing *pro se*. The trial court denied the motion to set aside default judgment and entered an order on July 20, 2000, to that effect, stating:

---

[1] While this letter does not appear in the record, it is referenced in the affidavit of Mrs. Harakas. In addition, at the hearing on the motion to alter or amend, both counsel and the trial court acknowledged the "request for continuance."

[2] According to Mrs. Harakas's affidavit, she called the Clerk and Master's office that morning to notify the judge that the Harakases would be running late for the hearing. Mr. and Mrs. Harakas arrived at the courthouse at approximately 9:15 a.m. and filed a their motion to set aside default judgment. They remained at the courthouse until around 9:45 a.m. before discovering that the hearing for damages had already been held. They left after being notified that the hearing had already concluded and learning that their motion to set aside default would be heard on June 20, 2000. The hearing was later moved to July 18, 2000.

[3] Among other assertions, the Harakases denied that problems with the house were related to construction defects, stated that the house had remained unoccupied, unheated, and uncooled for three years before the suit, and that Mr. Vanleer and his fianceé had been pleased with the house and had no problems with it.

. . . after hearing sworn testimony of the Defendant, Sara Harakas, argument of Counsel for the Plaintiff, and the entire record, and the Court having considered said Motion and the Court being fully advised is of the opinion that the Defendants have not provided sufficient grounds to set aside the Default Judgment pursuant to Rule 55 of the Tennessee Rules of Civil Procedure, and the Court finds that the Motion to Set Aside the Default Judgment is not well taken and should not be granted.

On August 14, 2000, the Order for Damages was entered in accordance with the events that transpired at the hearing on that issue, granting a judgment for the Estate in the amount of Twelve Thousand Three Hundred Twenty Dollars ($12,320.00).

Mr. and Mrs. Harakas then retained counsel who filed a motion to alter or amend the judgment of the court, for a new trial, and to set aside default judgment pursuant to Rules 55, 59, and 60, again arguing that the Harakases did not receive notice of the motion for default judgment. Mr. and Mrs. Harakas later amended this motion, asserting that "although they were served with the initial process, they were not served with the motion for default judgment, though the certificate of service appears proper in all respects" and that once the default judgment was entered against them, they appeared at the hearing on damages and filed a motion to set aside the default judgment.

Argument on the amended motion to alter or amend the judgment of the court, for a new trial, and to set aside default judgment pursuant to Rules 55, 59, and 60 was heard by a third trial judge. Mr. and Mrs. Harakas argued for the first time at this hearing that the hearing on the motion for default judgment was held prior to the expiration of the thirty-three (33) days provided for in Tenn. R. Civ. P. 55.01 and 6.05.[4]

The order resulting from that hearing reflects that the judge hearing the motions:

announced that the matter should be submitted to Judge Timothy L. Easter in that he heard and denied the original motion to set aside the default judgment filed by the defendants. Since that hearing Judge Easter has declined to hear the matter and since the judge who initially entered the judgment, Judge Jeffrey S. Bivens, is no longer an active trial judge, the court will proceed to determine the case upon the briefs and arguments previously heard.

The court denied the motion to alter or amend the judgment of the court, for a new trial, and to set aside the default judgment pursuant to Rules 55, 59, and 60 stating:

---

[4]Tenn. R. Civ. P. 55.01 provided at the time relevant herein that the notice of the motion for default judgment be served on the party against whom default judgment is sought thirty (30) days prior to the hearing on the motion. Tenn. R. Civ. P. 6.05 provides that three (3) days shall be added when service is made upon an opposing party by mail in certain specified circumstances.

Defendants [Mr. and Mrs. Harakas] argue they were only given 32 days notice [of the motion for default judgment] and, therefore, the hearing was premature. This defect, if it be one, was not, however, raised before the court in the defendant's initial motion to set aside the default judgment filed and heard by . . . [the second judge] and, therefore, was waived.

Other than the argument based upon Rule 6.05, T.R.C.P., no new grounds have been presented in this amended motion for relief. On July 18, 2000, . . . [the second judge] was faced with defendants who had failed to answer the original complaint for almost seven (7) months. He determined that the defendants should not be granted relief after such a period of time. This court cannot disagree with his ruling. The amended motion to alter or amend the judgment of the court, for a new trial and to set aside a default judgment should therefore be denied.

Mr. and Mrs. Harakas have appealed the denial of their motions. The question before us is whether the trial court should have granted the motion to alter or amend the judgment, entered by another judge, denying the motion to set aside the default judgment. In essence, the question is whether the default judgment should have been set aside.

We have a transcript of the hearing on the motion to alter or amend which consisted only of argument by counsel. The Harakases have provided a Statement of the Evidence, pursuant to Tenn. R. App. P. 24(c), from the hearing held July 18 on their *pro se* motion to set aside default judgment.

I.

The decision by a trial court to enter a default judgment or to refuse to set aside a default judgment is reviewed for abuse of discretion. *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984); *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980). The burden of establishing abuse of discretion is on the party seeking to overturn the trial court's ruling on appeal. *Ballard v. Herzke*, 924 S.W.2d 652, 659 (Tenn. 1996).

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

The party seeking to set aside a default judgment has the burden of demonstrating that it is entitled to relief based on one of the applicable grounds and that it has a meritorious defense to the claims against it. *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). Nonetheless, if

-4-

any reasonable doubt exists as to whether the default judgment should be set aside, the court should grant relief. *Id.* 826 S.W.2d at 486; *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973).

> One can find numerous decisions where the courts make it clear they are anxious to see cases determined on the merits whenever such is possible. It seems to be a universal rule that when there is a reasonable doubt as to whether a default judgment should be set aside upon a proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon its merits.

*Keck*, 499 S.W.2d at 267.

Thus, although the trial court has discretion to deny a motion to set aside a default judgment, that discretion should be exercised in favor of setting aside the judgment if there is a reasonable question as to the grounds for such relief, because of the well-settled preference for giving every person a day in court to make his or her defense. *Id.* 499 S.W.2d at 266-67 (citing *Brown v. Brown*, 86 Tenn. 277, 7 S. W. 640 (1887); *Roberts v. Stewart*, 9 Tenn. (1 Yer.) 390 (1830); *Fidelity-Phoenix Fire Ins. Co. v. Oliver*, 25 Tenn. App. 114, 152 S.W.2d 254 (1941)).

In fact, in *Tennessee State Bank v. Lay*, 609 S.W.2d 525 (Tenn. Ct. App. 1980), this court held that the trial court applied the wrong standard in denying a motion to set aside a default judgment where the court had applied a stringent standard for altering or setting aside a final judgment under Rule 60. Instead, the trial court should have applied the standard favoring the setting aside of default judgments so that the dispute could be determined on its merits. *Id.* 609 S.W.2d at 525.

Thus, the trial court's discretion must be exercised by applying the standard applicable to default judgments and set aside such a judgment if there is a reasonable question as to the grounds for relief. The relevant criteria are whether the failure to respond or answer was willful, whether the defendant has a meritorious defense, and the extent of any prejudice to the plaintiff if relief is granted. *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 867 (Tenn. 1985); *Nelson*, 826 S.W.2d at 485.

A party against whom a default judgment has been entered may seek relief from that judgment by filing a motion to alter or amend the judgment under Tenn. R. Civ. P. 59 or a motion for relief from judgment under Rule 60.[5] Tenn. R. Civ. P. 55.02 allows a trial court to grant relief

---

[5]The Harakases' original motion to set aside stated it was filed under Rule 55 and was filed within thirty (30) days of the entry of the default judgment and is, consequently, properly considered a motion made pursuant to Rule 59. The later motion was a timely-filed Rule 59 motion to alter or amend the judgment declining to set aside, combined with a Rule 60 motion for relief by setting aside the default judgment. *See Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977) for an explanation of the distinction between the two rules. Whether the motion was made pursuant to Rule 59 or

(continued...)

from a default judgment for good cause shown in accordance with Tenn. R. Civ. P. 60.02, which provides relief "on such terms as are just":

> from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

As suggested above, "Rule 60 is construed with liberality to afford relief from a default judgment." *Barbee*, 689 S.W.2d at 867; *Nelson*, 826 S.W.2d at 485.

## II.

The Harakases' basic claim is that they never received notice that default judgment was being sought against them or notice of the hearing. As the plain language of Tenn. R. Civ. P. 55.01 makes clear, such notice is a prerequisite to entry of a default judgment. At the time of the filing of the motion for default judgment in the case herein, Tenn. R. Civ. P. 55.01 read:[6]

> **Entry.**- When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:
>
> The party entitled to a judgment by default shall apply to the court. All parties against whom a default judgment is sought shall be served with a written notice of the application for judgment at least thirty days before the hearing on the application, regardless of whether the party has made an appearance in the action. . . .

It is well settled that courts should grant relief from default judgment where the plaintiff has failed to comply with required procedural safeguards. *Nelson*, 826 S.W.2d at 486. Accordingly, appellate courts have set aside default judgments where the plaintiff or plaintiff's counsel was responsible for the lack of notice or inadequate notice. *See, e.g.*, *Johnson v. Wade*, No. W1999-

---

[5](...continued)
Rule 60, the standard to be applied is the same because of the language of Rule 55.02.

[6]Tenn. R. Civ. P. 55 has undergone several revisions. The Advisory Commission Comments state that the "former five-day rule has been expanded to thirty days. Consequently, the defendant must be served with written notice of the application at least thirty days before the default hearing." On July 1, 2000, the thirty (30) day notice requirement was changed back to five days. Because the default judgment in this case was sought after July 1, 1998, but prior to July 1, 2000, the thirty (30) day notice requirement applies.

01651-COA-R3-CV, 2000 Tenn. App. LEXIS 609 (Tenn. Ct. App. Sept. 6, 2000) (no Tenn. R. App. P. 11 application filed) (setting aside judgment where motion for default judgment, with certificate of service, did not include a date for the default judgment hearing); *First Tenn. Bank Nat'l Ass'n v. McClure*, No. 169, 1990 Tenn. App. LEXIS 48 (Tenn. Ct. App. Jan. 31, 1990) (no Tenn. R. App. P. 11 application filed) (holding that where neither defendant nor his counsel had been served with notice of the motion for default judgment or the hearing thereon, the trial court's grant of default judgment with no proof of service in the record was error, and the default judgment was set aside).

If the notice requirement is intended to assure the defendants are aware of the impending judgment, the principles and goals underlying the notice requirement apply with equal force when the defendant does not actually receive notice even though that failure may not be directly caused by the plaintiff. "Notice to the defendant is crucial in obtaining a default judgment." NANCY FRAAS MACLEAN, ET AL., 4 TENNESSEE PRACTICE § 55.2 (3d ed. 2000). In *Mayes v. Mayes*, No. 03A01-9404-CV-00121, 1995 Tenn. App. LEXIS 10, at *5 (Tenn. Ct. App. Jan. 11, 1995) (no Tenn. R. App. P. 11 application filed), this court held unequivocally that "no judgment by default could be entered unless and until the requisite application to the court for a default judgment had been properly served on the [defendant]. *Id.* 1995 Tenn. App. LEXIS 10, at *5.

Where a party has no actual notice of a critical date in a court proceeding, the circumstances make out a case of mistake, surprise or excusable neglect under Rule 60.02. *Campbell v. Archer*, 555 S.W.2d 110, 113 (Tenn. 1977). *See also Bok v. State of Tenn.*, No. 03A01-9812-BC-00426, 1999 Tenn. App. LEXIS 515, at *3 (Tenn. Ct. App. July 28, 1999) (no Tenn. R. App. P. 11 application filed) (applying that principle to failure of plaintiff's counsel to receive defendant's motion to dismiss and setting aside dismissal). In *Campbell*, notice of the trial date had been sent to the office of defendants' counsel, but the attorney denied that he was personally aware of the trial date. Four days before the trial date, the defendants changed attorneys, and neither the new attorney nor the defendants were informed of the impending trial date. The trial proceeded without defendants' participation, a verdict was rendered, and the trial court refused to grant a new trial. Because the defendants had no actual notice of the trial date, the Supreme Court found these circumstances made out a case of mistake, inadvertence, or excusable neglect, rather than one of willful failure to appear. 555 S.W.2d at 112-13. The Court found the trial court had erred in refusing to set aside the judgment.

Thus, generally, failure of notice of a critical step in a lawsuit can constitute justification for excusable neglect under Tenn. R. Civ. P. 60, *Tate v. County of Monroe*, 578 S. W. 642, 644 (Tenn. Ct. App. 1978) (holding that failure to notify defendant of entry of order overruling motion for new trial was the type of error set out in Rule 60.02 and justified relief), and failure of notice has specifically been found to constitute excusable neglect justifying relief from default judgment where combined with other requirements for such relief. *Barbee*, 689 S.W.2d at 867.[7]

_____

[7]Some cases indicate that a default judgment entered without proof of proper notice is void. *See, e.g., Mayes*, 1995 Tenn. App. LEXIS 10, at *3. In *Mayes*, there was nothing in the record to "remotely suggest" the requisite notice
(continued...)

In *Barbee*, the trial date had been set before defendant's counsel made an appearance in the case, and neither the defendant nor defendant's counsel were served with notice of the trial date, although plaintiff's counsel had included that information in a letter to defendant's counsel enclosing discovery requests. Neither the defendant nor counsel appeared at the trial, and default judgment was entered. In moving to set aside the judgment, defendant furnished an affidavit from his lawyer stating the lawyer was out of the country on the day of trial and that the clerk's office had not served notice of the trial date. Our Supreme Court determined that the trial court had properly set aside the judgment. In reaching that conclusion, the Court relied heavily on the distinction in the application of Rule 60 to default judgments as opposed to other types of judgments, *Id.* 689 S.W.2d at 866-67, and cited with approval the approach taken by the federal courts in liberally construing Rule 60 where relief is sought from default judgments because the interests of justice are best served by a trial on the merits. *Id.* at 866.

A default judgment hearing is a critical proceeding in a lawsuit, subjecting the defendant to judgment against him and disposing of the case as completely as judgment after trial. *See Patterson*, 665 S.W.2d at 101 (stating that default judgment disposes of a case on its merits and is a final order). We must presume that the notice requirement of Tenn. R. Civ. P. 55.01 exists for a purpose: to actually provide notice to a party of a critical step in the lawsuit, with the potential for significant consequences.[8] When a defendant is notified of a potential default, he or she may make a Tenn. R. Civ. P. 6.02 motion for an extension of time to plead. MacLean et al., 4 Tennessee Practice § 55.2. Whether or not to grant an extension and allow a late filed answer is, of course, within the discretion of the trial court. *State ex rel. Jones v. Looper*, 86 S.W.3d 194-95 (Tenn. Ct. App. 2000). However, a party who does not receive notice that judgment may be taken against him by default loses the opportunity to avoid that result by whatever available procedural steps.

Using a similar analysis in *Masters by Masters v. Rishton*, 863 S.W.2d 702 (Tenn. Ct. App. 1992), this court determined that the purpose of Tenn. R. Civ. P. 58, regarding entry of orders, was "to insure that a party was aware of the existence of a final, appealable judgment in a lawsuit in

---

[7](...continued)

had been served. Other cases, such as those cited herein, state that failure of notice is justification for excusable neglect, implying that the default judgment is merely voidable, not void. We think the distinction may lie in the proof of service presented to the trial court when default judgment is requested. Where, as in this case, the default judgment was granted on the basis of counsel's certificate of service, which constitutes proof of service, the judgment was validly entered at the time, and the question is whether it should have been set aside based upon equitable principles. Thus, the judgment was not void. The question of whether a default judgment entered without notice or compliance with other procedural requirements is primarily relevant herein to the question of whether, to obtain relief from the judgment, the defendant is required to demonstrate a meritorious defense. Generally, a party seeking to set aside a default judgment must show that he or she has a meritorious defense to the suit, but that requirement does not apply where the default judgment is void. *Patterson*, 665 S.W.2d at 100-01. The Harakases filed an answer and counterclaim with supporting affidavits demonstrating a meritorious defense, and the Estate has not argued they failed in that regard. Therefore, we will consider the issues as raised by the parties and apply the meritorious defense requirement.

[8]In fact, the rule on default judgment was amended in 1996 to require notice to those parties who had not yet appeared in the lawsuit. The Advisory Committee comments indicate that one reason for this change was "the liberal Tennessee caselaw allowing Rule 60 relief."

which he was involved." Under that rationale, the court held, a judgment which was not actually served on a party is not final. We think the same reasoning applies herein.

For all of the above reasons, we conclude that if the Harakases did not actually receive notice of the motion for default judgment and the hearing thereon, they demonstrated excusable neglect and, if they meet the other requirements, are entitled to have the default judgment set aside.[9]

### III.

The order granting default judgment states that "Defendants did not appear in Court after being given notice of the Motion for Default." Apparently that statement is based upon the certificate of service appearing on the motion, wherein counsel for the Estate certified that a copy of the motion had been mailed to the Harakases.

In their motion to set aside the default judgment, the Harakases alleged they had not received notice of the motion or the hearing. At the hearing on that motion, Mrs. Harakas testified that neither she nor her husband had received the motion for default judgement and that they only learned about the motion when they received the order granting judgment and setting the date for the hearing on damages.

The Estate has provided no further evidence, by affidavit or testimony at the hearing, regarding service of the notice or its handling after counsel signed the certificate. The order denying the original motion to set aside does not address the issue of whether the Harakases actually received notice. It merely recites that "Defendants have not provided sufficient grounds to set aside the Default Judgment."

Having accomplished service of the initial complaint and summons pursuant to Tenn. R. Civ. P. 4, a party may serve subsequent papers under the less stringent requirements of Tenn. R. Civ. P. 5. MACLEAN ET AL., 3 TENNESSEE PRACTICE § 5.01. According to Tenn. R. Civ. P. 5.02, service may be accomplished by delivering a copy of the document to be served (or leaving it as described in the rule) or by mailing it to the last known address, or if no address is known, by leaving a copy with the clerk of the court.

---

[9]In the case herein, Mr. and Mrs. Harakas not only argue that they were not notified regarding the hearing on the motion, they also challenge the date on which the hearing was held. Mr. and Mrs. Harakas argue that had they been properly served with the motion for default judgment that was filed on April 7, 2000, the trial court was still precluded from entering default judgment on May 9, 2000, because only thirty-two (32) days had expired from the date appearing on the certificate of service, and, according to Tenn. R. Civ. P. 6.05 (allowing for the addition of three-days to the computation of time when a notice is served by mail) and Tenn. P. Civ. P. 55.01 (providing that the party against whom default judgment is sought must have thirty (30) days notice of the hearing), the hearing could be held by the trial court no earlier than thirty-three (33) days after the date on the certificate of service. In view of our decision, it is not necessary to address this argument. We also note that the Harakases claim they received no notice; thus, they were not prejudiced by the date set for the hearing.

Service by personal delivery permits the opportunity for evidence of that actual delivery. Similarly, using certain types of mail also will produce evidence of delivery, such as a signed return receipt. Thus, the most preferable methods for service are personal service and certified or return receipt requested mail, since the party making service will have little or no doubt that the papers actually reached their destination. In fact, the Tennessee Rules of Civil Procedure prohibit entry of a default judgment where the summons and complaint were served by mail unless the record contains a return receipt showing personal acceptance by the defendant or designated persons. Tenn. R. Civ. P. 4.04(10). The rule requiring notice prior to entry of a default judgment does not contain the same requirement. However, we note that using a return receipt requested or similar procedure requiring signature by the recipient would eliminate or lessen the opportunity for a defendant to claim nonreceipt of the notice.

Even in the absence of such procedures, as when regular mail is used, service may be proved, and the applicable rule provides:

> Whenever any pleading or other paper is served under 5.01 and 5.02, proof of the time and manner of such service shall be filed before action is taken thereon by the court or the parties. Proof may be by certificate of a member of the Bar of the Court or by affidavit of the person who served the papers, or by any other proof satisfactory to the court.

Tenn. R. Civ. P. 5.03.

Thus, the certificate of service was sufficient proof of notice for the court to enter default judgment. However, the later testimony of the defendants that they never received notice was otherwise unrebutted, the court made no finding this testimony was not credible, and the Estate apparently rests solely on the certificate of service.

The certificate of service required by Tenn. R. Civ. P. 5.03 is *prima facia* evidence that the document was served in the manner described in the certificate and raises a rebuttable presumption that it was received by the person to whom it was sent. *Orr v. Orr*, No. 01-A01-9012-CH-00464, 1991 Tenn. App. LEXIS 877, at *11 (Tenn. Ct. App. Nov. 6, 1991), later proceeding at No. 01-A-01-9109-CH-00322, 1992 Tenn. App. LEXIS 174 (Tenn. Ct. App. Feb. 19, 1992) (no Tenn. R. App. P. 11 application filed). That presumption can be rebutted. *Id*. While the details set out in Rule 5.02 "are designed to give every reasonable assurance that a copy of the pertinent papers in the suit actually reach adversary parties . . . ," Advisory Commission Comments to Rule 5, there obviously exists the possibility of proof that a document was not received even though a certificate of service appears on it. *See Rishton*, 863 S.W.2d at 705 (finding that although an order included a certificate of service, it was in fact never served).

In *Bok v. State of Tenn.*, No. 03A01-9812-BC-00426, 1999 Tenn. App. LEXIS 515 (Tenn. Ct. App. July 28, 1999) (no Tenn. R. App. P. 11 application filed), this court reversed the judgment of the Claims Commission refusing to set aside a dismissal which had been granted because the

plaintiff failed to timely answer the State's motion to dismiss. The claimant's attorney filed an affidavit that he did not receive a copy of the motion to dismiss, which was unrefuted in the record. The court found that lack of actual notice constituted excusable neglect, that these circumstances created a reasonable question of whether default judgement should be set aside, and, relying upon *Tennessee State Bank v. Lay*, held such question mandated that the judgment be set aside.

In *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527-28 (Tenn. Ct. App. 1980), this court found that from the evidence it could reasonably be concluded that the defendant was not informed of the lawsuit against her until after the default judgment was entered and that she had acted diligently to protect her rights thereafter. The evidence showed that process was issued and was returned with a return receipt signed with defendant's name. The plaintiff provided the affidavit of a handwriting expert who stated the signature on the return receipt was the defendant's. On the other side, the defendant testified by affidavit that she did not receive the complaint and summons and filed the affidavit of a friend to the effect the defendant was out of her home state on vacation with the friend on the date of the alleged service. Considering this conflicting evidence, in light of the standard favoring setting aside default judgments where there is any reasonable doubt, this court reversed the trial court's denial of the motion to set aside the default judgment.

In *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266 (Tenn. Ct. App. 1973), this court held that the trial court should have set aside a default judgment where the complaint and summons were served on the defendant's local office and mailed to the national office but, through mistake or inadvertence, were apparently lost. In so ruling, this court relied upon the preference for setting aside a default judgment where there is any doubt.

We conclude that the evidence created, at the least, a reasonable doubt as to whether the Harakases received actual notice of the motion for default judgment and the hearing thereon.[10] Consequently, in accordance with the principles set out above, we conclude that the default judgment should have been set aside if the Harakases demonstrated the existence of a meritorious defense and if the setting aside would not present unacceptable prejudice to the Estate.

Although the requirement of a meritorious defense does not appear in the rules, it has been applied, almost invariably, because the request for relief is based upon equitable principles.[11] *Yearwood, Johnson, Stanton & Crabtree, Inc. v. Foxland Dev. Venture*, 828 S.W.2d 412 (Tenn. Ct. App. 1991); *Nelson*, 826 S.W.2d at 485. The Harakases filed an answer and counterclaim with attachments, including affidavits, which set forth a meritorious defense. Although the original motion to set aside did not include an assertion that the defendants had a meritorious defense to the lawsuit, the plaintiff's response to the motion did not raise that omission as a ground for denial. The

[10]We note that the Harakases' actions after they received notice of entry of the default judgment are consistent with their sworn testimony that they did not receive notice prior to the hearing. They filed a motion to set aside in which they also requested permission to file an answer. They later filed a detailed answer supported by affidavits and exhibits. They have since diligently pursued their rights.

[11]Where the judgment is void, the defendants are not required to show a meritorious defense. *See* n.6.

answer and counterclaim were filed on the date of the hearing. The order resulting from that hearing states that the decision was based on the entire record and that the court was "fully advised." On appeal, the Estate asserts that the Harakases failed to allege the existence of a meritorious defense in their initial *pro se* motion and that at the hearing Mrs. Harakas gave testimony "as to any and all meritorious defenses." The statement of the evidence does not include any reference to defenses to the action. Based on the record before us, we find that the Harakases established that they have a meritorious defense.

The final consideration is whether setting aside the default judgment, and requiring the parties to proceed to trial, would result in unacceptable prejudice to the Estate. *Barbee*, 689 S.W.2d at 866. Simply having to proceed to trial, even a second trial, does not constitute prejudice. *Id.* 689 S.W.2d at 868; *Campbell*, 555 S.W.2d at 113. Neither does the mere passage of time. *Nelson*, 826 S.W.2d at 486. The Estate has not asserted any specific prejudice which would support declining to set aside the default judgment.

In *Campbell*, the Supreme Court noted that, although being required to participate in a second trial did not constitute the type of prejudice justifying denial of a motion to set aside a judgment, the plaintiffs would be subjected to additional costs and ordered that defendants pay those costs. 555 S.W.2d at 113. Tenn. R. Civ. P. 60.02 authorizes relief from a judgment "on such terms as are just." In the case herein, we find it equitable and just that the Harakases reimburse the Estate for its costs associated with the filing of the motion for default judgment and the hearing on that motion. On remand, the trial court shall determine those costs.

IV. Conclusion

For the foregoing reasons, we reverse the judgment of the trial court, set aside the default judgment, and remand the case for any further proceedings which may be necessary. Costs of the appeal are taxed to the appellee, the Estate of Anthony D. Vanleer, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

-12-