IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2007 Session

## CRYSTAL CAPITAL, LLC v. KATHERINE McMANUS BARBER

**Appeal from the Circuit Court for Davidson County**
**No. 04C1523      Walter C. Kurtz, Judge**

---

**No. M2006-00027-COA-R3-CV - Filed on April 20, 2007**

---

The trial court refused to set aside a default judgment based upon the defendant's delay in filing a motion to set aside. Because the defendant promptly notified the court that she had a meritorious defense, because the only evidence in the record shows the defendant did not willfully ignore the action against her, because the plaintiff has failed to allege or show any prejudice that would result from setting aside the judgment, and because relief should be granted where there is any reasonable doubt that the judgment by default should be set aside, we reverse.

**Tenn R. App. P. 3 Appeal s of Right; Judgment of the Circuit Court Reversed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which JERRY SCOTT, SENIOR J., joined. WILLIAM C. KOCH, JR., P.J., M.S., filed a dissenting opinion.

Patricia A. McDade, Franklin, Tennessee, Thomas F. Bloom, Nashville, Tennessee, for the appellant, Katherine McManus.

Mark A. Sexton, Little Rock, Arkansas, for the appellee, Crystal Capital, LLC.

### OPINION

In May of 2004 plaintiff, Crystal Capital, LLC ("Crystal Capital") sued Katherine McManus to recover a credit card debt together with interest, attorney's fees, and court costs. Crystal Capital had purchased the debt from the credit card company. Since no answer had been filed, in September of 2004 Crystal Capital moved for a default judgment. A hearing was held in October of 2004 on the motion for default wherein Ms. McManus made no appearance. On November 4, 2004, the trial court granted Crystal Capital a default judgment totaling approximately $17,500 which included the amount of the debt, attorney's fees, and interest.

Ten months after entry of the default judgment, in September of 2005, Ms. McManus[1] filed a Motion to Set Aside Default Judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure. It is undisputed that Ms. McManus was timely served a copy of the complaint. According to the affidavit of Ms. McManus, when she received the complaint, she contacted an attorney in Arkansas to represent her.[2] Also according to her affidavit, when she learned the Arkansas attorney had not been representing her, she sent letters to the trial court.[3] These letters, referenced in her affidavit, are not a part of the record. Ms. McManus did not attend the default judgment hearing because, according to her affidavit, she is disabled, unable to drive a car, must rely on the courtesies of others for her transportation, and apparently could not find a ride.

As to the action brought by Crystal Capital against her, Ms. McManus claims that she has a valid and substantial defense on the merits - namely that she paid the credit card debt at issue in July of 1999. In support of her defense, attached to her attorney's affidavit in support of the Motion to Set Aside is a cancelled check evidencing payment, her bank statement showing the check was paid by the bank, and a credit card statement dated August of 1999 evidencing payment of the debt. At no time before the trial court or on appeal has Crystal Capital disputed that Ms. McManus has asserted a claim of a meritorious defense.[4]

The trial court held a hearing on the Motion to Set Aside on November 18, 2005. Although it appears testimony was not presented at that hearing, a Statement of Evidence and Proceedings of that hearing was approved by the trial judge and made a part of the record. According to the Statement, after entry of the default judgment, Mr. McManus hired Tennessee counsel. Rather than file a motion to set aside the default, counsel for Ms. McManus attempted to reach a settlement with Crystal Capital in the hope of avoiding additional expense. After numerous attempts to reach the other lawyer and after attempts to settle the matter proved fruitless, Ms. McManus's attorney filed a motion to set aside the judgment. It is important to note that although the letters Ms. McManus said she wrote the court are not a part of the record, the Statement of the Evidence and Proceedings, approved by the trial judge, makes reference to a November 8, 2004 letter written by Ms. McManus to the court. This referenced letter was dated four (4) days after the default judgment against her had been granted.

---

[1] Apparently, at some point Ms. McManus changed her last name to Barber. For simplicity, we will continue to refer to her, however, as Ms. McManus.

[2] Crystal Capital's attorney is located in Arkansas.

[3] The record shows Ms. McManus was mailed a copy of the Motion for Default and the Default Judgment. Nothing in the record disputes her receipt of these filings. Presumably she sent the letters to the court in response to receiving one or both.

[4] At oral argument, counsel for Crystal Capital readily acknowledged that his client purchased the debt from the credit card company and did not have all the records on the account. Of course, the question of whether Ms. McManus actually owes the debt would be determined in a trial of the complaint brought by Crystal Capital.

Recognizing "the dual concerns and conflicting interests on the one hand lending credence to the court process versus the public policy of having cases decided on the merits," and relying on delay between the default judgment and Ms. McManus's motion to set aside, the trial court found the balance tipped in favor of upholding the judgment entered by default. Ms. McManus appealed.

## ANALYSIS

As a general rule, the decision by a trial court to enter a default judgment or to refuse to set aside a default judgment is discretionary. *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984); *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980). The burden of establishing an abuse of discretion is on the party seeking to overturn the trial court's ruling on appeal. *Ballard v. Herzke*, 924 S.W.2d 652, 659 (Tenn. 1996).

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

Where a Rule 60 motion is addressed to a default judgment, case law has established specific legal standards to be applied. The party seeking to set aside a default judgment has the burden of demonstrating that it is entitled to relief based on one of the applicable grounds and that it has a meritorious defense to the claims against it. *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). Nonetheless, if any reasonable doubt exists as to whether the default judgment should be set aside, the court should grant relief. *Id*. 826 S.W.2d at 486; *Keck v. Nationwide Sys., Inc*., 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973).

> One can find numerous decisions where the courts make it clear they are anxious to see cases determined on the merits whenever such is possible. It seems to be a universal rule that when there is a reasonable doubt as to whether a default judgment should be set aside upon a proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon its merits.

*Keck*, 499 S.W.2d at 267.

Thus, although the trial court has discretion to deny a motion to set aside a default judgment, that discretion should be exercised in favor of setting aside the judgment if there is a reasonable question as to the grounds for such relief. This result is based on the well-settled preference for giving every person a day in court to make his or her defense. *Id*. 499 S.W.2d at 266-67, *citing*

*Brown v. Brown*, 86 Tenn. 277, 7 S. W. 640 (1887); *Roberts v. Stewart*, 9 Tenn. (1 Yer.) 390 (1830); *Fidelity-Phoenix Fire Ins. Co. v. Oliver*, 25 Tenn. App. 114, 152 S.W.2d 254 (1941)).

In *Tennessee State Bank v. Lay*, *supra*, this court held that the trial court applied the wrong standard in denying a motion to set aside a default judgment where the trial court had applied a stringent standard for altering or setting aside a final judgment under Rule 60. Instead, we held, the trial court should have applied the standard favoring the setting aside of default judgments so that the dispute could be determined on its merits. *Lay*, 609 S.W.2d at 525.

Thus, the trial court's discretion must be exercised by applying the standard applicable to default judgments, and a trial court should set aside such a judgment if there is a reasonable question as to the grounds for relief. The relevant criteria are whether the failure to respond or answer was willful, whether the defendant has asserted a meritorious defense, and the extent of any prejudice to the plaintiff if relief is granted. *Nelson*, 826 S.W.2d at 485; *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 867 (Tenn. 1985). *See also Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003).

The trial court's order refusing to set aside the judgment by default does not specifically address these three criteria. It appears the court put great weight on defendant's delay in filing her motion to set aside the judgment.[5] The trial court stated,

> The Court would further state that these are difficult cases because of the competing interests and if the Defendant had filed a Motion within a few months of the judgment being entered against her, the court may have set aside the judgment at that time.

We do not believe the time lapse between the default judgment and the motion to set aside should be the only, or even the predominant, consideration because the factors applicable to motions to set aside default judgments must be determinative. Further, the real question of regarding delay is the prejudice to the opposing party.

As to the delay between entry of the default judgment and defendant's motion to set aside, that delay should be considered as it relates to the willfulness of Ms. McManus's failure to answer or appear and to any prejudicial effect on Crystal Capital. The only evidence in the record relating to events occurring during that time is found in the affidavit of Ms. McManus and that of her Tennessee counsel as well as the Statement of the Evidence and Proceeding, none of which was disputed or contradicted by Crystal Capital.

The evidence indicates that Ms. McManus attempted to protect her interests when she was initially sued. After default judgment was sought and/or entered, she immediately informed the trial

---

[5]The trial court was obviously looking to the part of Rule 60.02 requiring that the motion be made "within a reasonable time."

court of her situation and her defense, i.e., that she had paid any debt on the credit card that was the basis of the lawsuit. She also promptly hired Tennessee counsel. That attorney began attempts to contact Crystal Capital's attorney and to settle the matter. Apparently, those efforts took some time, partially because it was difficult to reach opposing counsel.

While it would have been far preferable had Ms. McManus's counsel immediately filed a motion to set aside rather than contact Crystal Capital's counsel, Crystal Capital does not dispute that these contacts were made. Therefore, it appears that Crystal Capital was on notice that Ms. McManus denied any liability and objected to the judgment that had been entered by default against her.

Notice to opposing counsel does not constitute notice to the court. However, it is more relevant to the issue of prejudice to Crystal Capital. Additionally, it appears from this record that Ms. McManus attempted to promptly contact the court herself. Taking this into consideration, coupled with the fact that Ms. McManus's counsel promptly contacted Crystal Capital's counsel, we do not find the delay so unreasonable as to preclude relief under Rule 60, even if that standard were the predominant consideration.

With regard to the factors enunciated by the Tennessee Supreme Court in *Barbee*, discussed above, we first find that it was not shown that Ms. McManus's failure to answer or appear prior to entry of the judgment was willful. She was unable to personally appear since she is disabled and unable to drive. She attempted to hire counsel both in Arkansas and Tennessee. As discussed above, she tried to contact the court through letters. Second, Ms. McManus has submitted an affidavit and documentary evidence to support her claim that she paid the debt in full years ago, establishing that she is asserting a meritorious defense, thus justifying a trial on the merits of the complaint . Finally, counsel for Crystal Capital was unable to articulate at oral argument any prejudice to his client if relief is granted.

Based on the foregoing, we conclude that we must reverse the trial court's judgment refusing to set aside the default judgment, direct that the judgment by default be set aside, and remand the case for trial.

Costs are taxed against Crystal Capital, LLC.

_____
PATRICIA J. COTTRELL, JUDGE