# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
December 6, 2011 Session

## JENNIFER LYNN MONROE v. TRAVIS MONROE

**Appeal from the Chancery Court for Lawrence County**
**No. 1496010      Jim T. Hamilton, Chancellor**

---

**No. M2011-01005-COA-R3-CV - Filed April 19, 2012**

---

Husband appeals an order denying his motion to set aside a default judgment and the final judgment entered in his divorce action.  On the facts presented, we hold that the default judgment should have been set aside; accordingly, we reverse the order denying Husband's motion to set aside, and the case is remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed;**
**Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Thomas F. Bloom, Nashville, Tennessee, for the Appellant, Travis Monroe.

Randy Hillhouse, Lawrenceburg, Tennessee, for the Appellee, Jennifer Lynn Monroe.

## MEMORANDUM OPINION[1]

BACKGROUND

On July 26, 2010, Jennifer Lynn Monroe ("Wife") filed a complaint for divorce against Travis Monroe ("Husband").  As grounds for the divorce, the complaint alleged

---

[1]  Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

irreconcilable differences and Husband's inappropriate marital conduct. Wife's complaint requested equitable division of the parties' property pursuant to Tenn. Code Ann. § 36-4-121 and attorney's fees.

On December 22, Wife filed a motion for default judgment, asserting that Husband had been served with process on August 15, and that he had failed to answer the complaint within 30 days; attached to the motion was a supporting affidavit of Wife's attorney. The motion was set for a hearing on January 4, 2011. At the hearing, the court entered a default judgment against Husband and granted Wife a divorce on the grounds of inappropriate marital conduct. The court proceeded to hold a hearing in which it divided the marital property and debts, granted wife alimony *in solido*, awarded wife attorney's fees, and entered a permanent parenting plan.

On February 2, Husband filed a Motion to Set Aside Default Judgment; Wife filed an opposition to the motion. The trial court held a hearing on the motion on April 5, 2011, and denied the motion.

Husband appeals, asserting that trial court erred in failing to set aside the default judgment because (1) there was no dispute that Husband was unaware that the motion was pending, (2) Wife would suffer no prejudice, and (3) Wife wrongfully claimed an interest in Husband's ancestral property.

DISCUSSION

In his motion, Husband asserted:

1. The Motion for Default Judgment and Affidavit for Entry of Default was sent, according to the Certificate of Service, by U.S. Mail on December 21, 2010, to 1290 Sugarland Road, Ethridge, TN 38456.

2. On said date, Defendant and Plaintiff were both living at said address, being the marital residence located at 1290 Sugarland Road.

3. Defendant did not receive the Motion for Default Judgment until after the date of the Default Judgment on January 4, 2011. On January 5, 2011, Plaintiff instructed him that she had some documents for him in the marital residence. Defendant found the Motion for Default Judgment and Affidavit along with the Default Judgment.

4. Defendant avers that he had not hired an attorney nor filed an Answer in this cause as it was his belief that the parties could resolve this divorce without litigation.

At the hearing on Husband's motion,[2] Husband testified that he received the original summons and complaint on August 15, 2010, and that he spoke to wife's counsel on August 23, who told Husband he had until September 14 to file an answer or other responsive pleadings. Husband testified that in September he asked Wife not to go forward with the divorce until after "the holidays,"[3] and that Wife agreed to work on a settlement after that time. Husband admitted that he received mailings from Wife's counsel but that he did not immediately open them. Husband stated that he believed the piece of mail containing the motion for default was "a bill or something that could be dealt with after the holidays." Husband testified that, on January 4, he began contacting attorneys to seek representation for the divorce.

Wife testified that when Husband received mailings from her attorney, he would not open them despite Wife informing him of the importance of the letters. Wife testified that she agreed with Husband to not move forward with the divorce until after the holidays, but that, in November, she got into an argument with Husband, and that he told her to go forward with the divorce.

A motion to set aside a default judgment is addressed to the trial court's discretion. *Moore v. Palmer*, 675 S.W.2d 192, 194 (Tenn. Ct. App. 1984). Relief should be granted whenever any reasonable doubt exists concerning whether the default judgment should be set aside. *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). In order to obtain relief on a motion to set aside a default judgment, the moving party must show that it is entitled to relief based on one of the grounds in Tenn. R. Civ. P. 60.02 and that it has a meritorious defense to the plaintiff's suit; such grounds include mistake, inadvertence, surprise, or excusable neglect. Tenn. R. Civ. P. 55.02; Tenn. R. Civ. P. 60.02; *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984); *Turner v. Turner*, 739 S.W.2d 779, 780 (Tenn. Ct. App. 1986). Trial courts should construe Tenn. R. Civ. P. 60.02's requirements liberally when a party is seeking relief from a default judgment. They should also examine the moving party's proof to determine whether the default was willful and to

---

[2] A transcript from the hearing on Husband's motion is not in the record, but the court did approve a Statement of the Evidence, which was prepared by Wife's attorney.

[3] The statement of the evidence collectively refers to the holidays as Thanksgiving, Christmas, and "the first of the year."

assess the extent to which the defaulting party's conduct has prejudiced the non-defaulting party. *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985).

After review of the record, we conclude that the default judgment should have been set aside. We acknowledge Wife's testimony that, in the heat of an argument in November 2010, Husband told her to go forward with the divorce; the record shows that, notwithstanding this, Husband waited until January 2011 to contact an attorney. The fact that he did not immediately contact a lawyer after the argument corroborates his testimony that he believed Wife was not proceeding with the divorce until after the holidays. Husband's actions and testimony support a finding that his failure to respond to the pleadings and to the motion for default was not willful, but rather the result of a mistake or excusable neglect in relying upon Wife's statements that she would not move forward with the divorce—an agreement that was established by uncontradicted proof at the hearing. Also presented at the hearing was an email Husband sent to a prospective attorney in which Husband expressed concern regarding the division of marital property and debts.[4] In light of our responsibility to construe Tenn. R. Civ. P. 60.02 liberally, we agree that this raises reasonable doubt as to whether the default judgment should be set aside, and the trial court should have exercised its discretion in favor of granting the motion to set aside so as to permit a determination of the case on the merits. *Keck*, 499 S.W.2d at 267.

CONCLUSION

For the foregoing reasons, the order denying the motion to set aside is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
RICHARD H. DINKINS, JUDGE

---

[4] We acknowledge the informality of Husband's submission and consider this material only in the context of a showing of possible prejudice to Husband in not being able to present his concerns regarding the division of property and debts in the absence of having the default judgment set aside.