IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 21, 2002  Session

## COLUMBIA ADVERTISING AGENCY  v. RALPH ISENHOUR, ET AL.

**Appeal from the Chancery  Court for Davidson County**
**No. 99-2967II     Carol McCoy, Chancellor**

---

**No. M2001-01627-COA-R3-CV - Filed June 5, 2002**

---

In this suit to collect payments for advertising services allegedly rendered to defendant pursuant to an oral agreement, the plaintiff failed to file an order setting the case for trial within the time period allowed by an agreed scheduling order.  Shortly thereafter, the trial court dismissed the case for failure to prosecute.  The plaintiff filed a *Tennessee Rule of Civil Procedure* 60 motion seeking relief from the order of dismissal on the grounds that by mistake, counsel had failed to calendar the scheduling deadlines. The trial court found that plaintiff failed to offer an adequate basis to grant relief from the order of dismissal under Rule 60 and denied the motion.  For the reasons set out in this opinion, we reverse the decision of the trial court and remand this case for a trial on the merits.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

JAMES L. WEATHERFORD, SR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Paul W. Duty and John H. Lowe, Goodlettsville, Tennessee, for the appellant, Columbia Advertising Agency.

Lawrence H. Hart, Nashville, Tennessee, for the appellee, Ralph Isenhour, individually and D/B/A Isenhour and Associates.

### OPINION

On October 15, 1999, the plaintiff, Columbia Advertising Agency, filed its complaint seeking to collect $22,100.63 as payment for advertising services allegedly rendered to the defendant pursuant to a verbal agreement between the parties.

On July 26, 2000, the defendant filed a motion to dismiss and for summary judgment pursuant to *Tennessee Rules Civil Procedure* § 12 and  § 56.  After ruling that defendant's motion

would be treated as a singular Rule 56 motion for summary judgment, the trial court denied the motion and ordered that the matter be set for trial on a date certain.

On October 5, 2000, the parties entered into an agreed scheduling order which provided: "that a motion setting this matter for trial or an order otherwise disposing of this matter be filed on or before March 15, 2001."

On January 29, 2001, Plaintiff's counsel filed a motion to withdraw on the grounds that plaintiff had disregarded an expense and fee agreement and had engaged in conduct making it unreasonably difficult for counsel to carry out effective representation.[1]

On April 10, 2001, the trial court dismissed the case for failure to prosecute.

On April 19, 2001, the plaintiff filed a motion to alter or amend judgment or, in the alternative, for relief from order of dismissal. In support of its motion, plaintiff stated:

> Subsequent to the filing of the Motion to Withdraw, Plaintiff agreed to cooperate with counsel and the motion was stricken. However, the intervention of Plaintiff's failure to cooperate with counsel caused counsel to incur great hardship in representation and, by mistake, the scheduling deadlines were inadvertently not calendared or met. Plaintiff first became aware of a dismissal of this case upon receipt of the Order of Dismissal. Plaintiff has otherwise been engaged in a good faith effort to prosecute this case including, but not limited to, the filing of discovery requests.

In ruling on the motion, the trial court noted that plaintiff's counsel took action on this case on three separate occasions during the five month period before the March 15, 2001 deadline. In its order denying relief from judgment pursuant to Rule 60.02, the trial court concluded: "If Plaintiff looked at this case three times during the five month period, the Plaintiff should have been aware of the deadline imposed by the scheduling order."

ANALYSIS

Plaintiff presents the following issue in this appeal:

**Whether the trial court erred in denying the motion refusing to set aside or alter or amend the order of dismissal with prejudice, or to modify the order of dismissal to reflect a dismissal without prejudice on the grounds of mistake, inadvertence or excusable neglect.**

---

[1]According to plaintiff's counsel the motion to withdraw was stricken after plaintiff agreed to cooperate with counsel.

*Tennessee Rule of Civil Procedure* 60.02 allows the trial court to relieve a party or its legal representative from a final judgment order or proceeding due to mistake, inadvertence, surprise or excusable neglect.

When a party seeks relief under Rule 60.02, "the burden is upon movant to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why movant was justified in failing to avoid mistake, inadvertence, surprise or neglect." *Toney v. Mueller Co.*, 810 S.W.2d 145,146 (Tenn. 1991) (citations omitted).

Appellate courts review trial court decisions on Rule 60.02 relief using an abuse of discretion standard. *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn.Ct.App. 1997).

The trial court concluded that plaintiff's counsel should have been aware of the scheduling order deadline because he took action on the case on three separate occasions in the five months preceding the deadline. Referring to case law cited by the defendant which held that "mere carelessness or forgetfulness of a party is not sufficient ground for relief from judgment pursuant to Rule 60.02.", the trial court denied the Rule 60.02 motion.

The cases cited by the defendant[2], involve requests for Rule 60.02 relief after the time for filing an appeal or post trial motion had expired following a trial on the merits. The dismissal in this case is analogous to the granting of a default judgment. *See Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn.Ct.App. 1991). Courts have construed these rules more liberally in setting aside a default judgment than those cases where the judgment in question follows a full trial on the merits. *See Tennessee Department of Human Services v. Barbee*, 689 S.W.2d 863 (Tenn 1985).

"Negligence on the part of the moving party is precisely the type of error [Rule 60.02] is designed to relieve. *Tate v. County of Monroe*, 578 S.W.2d 642 (Tenn.App.1978). And mistake, inadvertence, surprise, excusable neglect or misfortune of the moving party's attorney may be grounds for vacating a default judgment. *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266 (Tenn.App.1973)." *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn.Ct.App.1980).

---

[2]*Food Lion, Inc. v. Washington County Beer Board*, 700 S.W.2d 893 (Tenn. 1985) (trial court's granting of Rule 60.02 relief reversed for failure to seek Rule 59 relief regarding post judgment facts after a trial on the merits and notice of appeal filed where counsel was busy and uncertain how to proceed); J*efferson v. Pneumo Services Corp.*, 699 S.W.2d 181 (Tenn.Ct.App. 1985) ( Rule 60.02 relief granted by trial court where attorney, through oversight, failed to file notice of appeal within time period provided in Tenn.R.App.P. 4(a) where trial court directed a verdict for defendant at close of plaintiff's proof in a jury trial; appeals court reversed finding that trial courts can only grant Rule 60.02 relief in this situation under "the most extraordinary circumstances" ).

In deciding this issue, courts have considered several factors such as: 1) the actions taken by the moving party to correct its oversight; and 2) the extent of prejudice to the non-moving party due to the moving party's mistake or oversight. *Lay*, 609 S.W.2d at 527-528.

In the Rule 60.02 motion plaintiff's counsel admitted that he had failed to calendar the scheduling deadlines contained in the agreed order and first became aware of the dismissal of this case upon receipt of the order of dismissal. He filed his motion for relief within 10 days of the entry of the order of dismissal.

We find no proof in this record that the defendant would suffer any prejudice in the setting aside of the order of dismissal.

This court has previously considered summary dismissals, without prior notice, pursuant to local rules of court designed primarily to advance the goal of a just, speedy, and inexpensive determination of each case. In at least two cases, *Sellers v. Anderson,* No. 01A01-9703-CV-00114, 1997 WL 653914 (Tenn. Ct. App. Oct. 22, 1997), and *Nelson v. The Application Group, Inc.,* No. 01A01-9703-CV-00137, 1997 WL 706610 (Tenn. Ct. App. Nov. 14, 1997), this court has found that the trial court should have exercised its discretion to grant Rule 60 relief from the dismissal. Both involved an attorney's failure to comply with scheduling deadlines and prompt requests for relief after the dismissal. The results in those cases are based upon the severity of the consequence of dismissal to the litigant where the litigant was not at fault and the similarity of this type of dismissal to a default judgment. A court asked to set aside a default judgment should liberally construe the applicable rules and set it aside if there is reasonable doubt about the justness of dismissing the case before it can be heard on the merits. Such principles should be applied to dismissals for failure to comply with scheduling orders and deadlines. We think such liberality is especially warranted where dismissal was not preceded by a motion to dismiss, order to show cause, or other notice that dismissal is imminent. We note that default judgment cannot be entered absent such procedural safeguards. Tenn. R. Civ. P. 55.01.

After reviewing the record in this case, we find that the trial court should have granted the motion. Accordingly, the judgment of the trial court is reversed and this case is remanded to the chancery court so that a date may be set for a trial on the merits.[3]

Costs are taxed to the appellant.

_____
JAMES L. WEATHERFORD, SR. J.

---

[3] We do not address appellant's second issue as to whether or not justiciable controversies established in this case merit the setting aside of the order of dismissal other than to note that the claim was sufficient to survive a motion for summary judgment.