IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2003 Session

# THOMAS K. BOWERS  v. GUTTERGUARD OF TENNESSEE, INC.

Appeal from the Circuit Court for Davidson County
No. 02C-2175      Hamilton V. Garden, Jr., Judge

No. M2002-02877-COA-R3-CV - Filed December 17, 2003

The defendant challenges the Circuit Court's dismissal of an appeal from General Sessions Court for failure to comply with Davidson County Local Rule of Practice 20(b).  The Local Rule required the appealing party to set the matter for trial no more than 45 days following the Circuit Court Clerk's receipt of the appeal.  Though the defendant had filed a motion to set, an order setting the matter for trial had not been entered when the Circuit Judge dismissed the appeal and made the judgment of the General Sessions Court the final judgment.  The defendant/appellant sought Rule 60.02(1) relief, claiming excusable neglect, which was denied.  Based upon recent authority, determination of "excusable neglect" for Rule 60 purposes now requires an evaluation of three factors: whether the defaulting party's conduct was willful, whether there exists a meritorious defense, and whether the non-defaulting party has been  prejudiced.  We find the defendant's negligence was not willful and that the plaintiff suffered no prejudice; however, the record is silent concerning whether the defendant has a meritorious defense.  Therefore, we reverse the trial court and remand the matter to the Circuit Court for further proceedings consistent with this ruling.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Circuit Court
Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of  the court, in which WILLIAM C. KOCH, JR., PJ, M.S., and PATRICIA J. COTTRELL, J., joined.

Michael D. Fitzgerald, Nashville, Tennessee, for the appellant, Gutterguard of Tennessee, Inc.

W. H. (Steve) Stephenson, II, Nashville, Tennessee, for the appellee, Thomas K. Bowers.

**OPINION**

The issue presented is whether the Circuit Court abused its discretion by denying Appellant/Gutterguard relief under Tenn.R.Civ.P. 60.02(1) and dismissing its case for failure to comply with Davidson County Local Rule Of Practice 20(b).  Specifically, Appellant argues that it

filed its Motion to Set Trial while the matter was active on the docket, that no delay resulted from the noncompliance, and Appellee suffered no prejudice from the delay.

The procedural history of the case is brief. Appellee, Thomas Bowers, sued Gutterguard of Tennessee, Inc., Appellant, in the General Sessions Court of Davidson County alleging that Gutterguard had breached its contract and had damaged his lawn. The General Sessions Court awarded judgment against Gutterguard in the amount of $6,000, and Gutterguard appealed to the Davidson County Circuit Court.

On July 25, 2002, Gutterguard filed its appeal bond and, on the same date, the attorney for Gutterguard signed a document entitled "Notice to the Appellant" which succinctly states in bold print, "As the Appellant, it is your responsibility to take the necessary steps to have this case set on the docket within 45 days of its arrival in Circuit Court." In a letter to Bowers' attorney, dated August 2, 2002, the Circuit Court Clerk advised that the appeal had been received by the Clerk's office on August 1, 2002, that the appeal had been assigned to the First Circuit Court, and that "Pursuant to Local Rule 20(b), the case shall be set for trial within forty-five (45) days from the date the Circuit Court Clerk files the appealed warrant." In its letter the Clerk further advised, "If the case is not set within 45 days, an order will be entered making the judgment of the General Sessions Court the judgment of the Circuit Court with costs taxed to the appellant." This notice from the Clerk was received by Bowers' attorney on August 6, 2002; however, Gutterguard's attorney did not receive the notice.

Two pertinent motions were filed 46 and 47 days, respectively, following the "arrival" of the appeal in Circuit Court. On September 17, 2002, Bowers filed a motion to dismiss the appeal pursuant to Local Rule 20(b) and to have the judgment of the General Sessions Court entered as the judgment of the Circuit Court. The following day, Gutterguard filed a motion to set the matter for trial. Neither motion was heard until October 4, 2002. At the hearing, the Circuit Court denied Gutterguard's motion to set the matter for trial and granted Bowers' motion awarding judgment of $6,000 against Gutterguard.

Gutterguard promptly filed a motion seeking relief under Tenn. R. Civ. P. 60.02(1). Gutterguard's motion for Rule 60 relief was supported by the affidavit of its attorney, Michael Fitzgerald, who testified that he did not receive a copy of the August 2, 2002 letter from the Clerk, which had been sent to Bowers' attorney. Thus, he asserts he did not know when the 45-day time period began to run. Fitzgerald further testified that he contacted the Clerk's office on September 13, 2002 to obtain available trial dates and that he filed a motion to set the case for trial while the case was still active. Furthermore, Fitzgerald stated that the available trial dates provided by the Clerk were not until January, 2003.

Bowers filed a response in opposition to Gutterguard's Rule 60 motion supported by a memorandum of law and facts. The facts Bowers relied on were limited to the procedural history set forth in the court's record. Bowers did not file affidavits, nor did he provide any evidence in opposition to the Rule 60 motion.

Gutterguard's Rule 60 motion was heard on November 1, 2002 and was denied by the Circuit Court. The order denying Gutterguard's motion does not set forth findings of fact; it merely states that the Court is of the opinion that Gutterguard's motion is not well taken and should be denied.

Gutterguard asserts that the Circuit Court committed reversible error when it denied its motion seeking relief under Tenn. R. Civ. P. 60.02(1). It relies on three primary facts: (1) the case was active when it filed the motion to set, (2) no delay resulted from the noncompliance for the matter could not be heard until January, 2003 at the earliest, and (3) Bowers suffered no prejudice.

**Standard of Review**

Appellate Courts review decisions dealing with Tenn. R. Civ. P. 60.02 under an abuse of discretion standard since these requests for relief are "addressed to the trial court's discretion." *McCracken v. Brentwood United Methodist Church*, 958 S.W. 2d 792, 795 (Tenn. Ct. App. 1997). We give great deference to the trial court's decision to grant or deny relief pursuant to Rule 60.02. *Henry v. Goins*, 104 S.W. 3d 475, 479 (Tenn. 2003); *See Underwood v. Zurich Ins. Co.*, 854 S.W. 2d 94, 97 (Tenn. 1993). Therefore, the trial court's ruling will not be set aside unless it has abused its discretion. *Henry* at 479; *See Underwood* at 97. An appellate court is not permitted to substitute its judgment for that of the trial court under an abuse of discretion standard. *Henry* at 479; *See Eldridge v. Eldridge*, 42 S.W. 3d 82, 85 (Tenn. 2001). Only when a trial court has " 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining'" is the trial court found to have abused its discretion. *State v. Stevens*, 78 S.W. 3d 817, 832 (Tenn. 2002) (quoting *State v. Shuck*, 953 S.W. 2d 662, 669 (Tenn. 1997)).

**Analysis**

The issue before the Court centers on the interplay between Rule 20(b), Davidson County Local Rules Of Practice, and Rule 60.02(1), Tenn. R. Civ. P. Specifically, it pertains to the technical application of a local rule, which forecloses a litigant's day in court, and the stated goal of the Tennessee Rules of Civil Procedure, which is "to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties." *Doyle v. Frost*, 49 S.W. 3d 853, 856 (Tenn. 2001) (quoting *Karash v. Pigott*, 530 S.W. 2d 775, 777 (Tenn. 1975)). (See also Rule 1, Tenn. R. Civ. P., which provides that the Rules should "be construed to secure the just, speedy and inexpensive determination of every action.")

While the judges of each district are authorized by the legislature to promulgate rules of practice, "Such rules shall be consistent with the statutory law, the Rules of the Supreme Court and the Rules of Criminal and Civil Procedure." Tenn. Code Ann. § 16-2-511. The Tennessee Rules of Civil Procedure are "laws" of this state and cannot be modified or abrogated by a rule of Court. *Brown v. Daly*, 884 S.W. 2d 121 (Tenn. Ct. App. 1994).

3

Davidson County Local Rule of Practice 20(b) provides:

> Once the warrant being appealed is received by and filed with the Circuit Court Clerk, the appellant has the duty to set the appeal for a hearing before a trial judge. The appellant has forty-five (45) days to secure a trial date from the court. This time is counted from the date the Circuit Court Clerk files the appealed warrant. If the appellant fails to secure this order within the 45-day time period, an order will be entered making the judgment of the General Sessions Court the judgment of the Circuit Court with costs taxed to the appellant. At the time the appeal is perfected in the Clerk's office, the clerk shall give the appellant or the appellant's attorney written notice of this rule.

Rule 60.02(1), Tenn. R. Civ. P., authorizes a court to relieve a party or its legal representative from a final judgment, order or proceeding because of mistake, inadvertence, surprise or excusable neglect. Discussing the purpose of Rule 60.02, the Court of Appeals reasoned:

> Rule 60.02 "was designed to strike a proper balance between the competing principles of finality and justice." (citations omitted). Rule 60.02 "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." (citations omitted). Because of the importance of this "principle of finality," the "escape valve" should not be easily opened. (citations omitted).

*Rogers v. Estate of Russell*, 50 S.W. 3d 441, 444-445 (Tenn. Ct. App. 2001).

While Rule 60 is a vehicle for relief from excusable neglect, it is not intended to be liberally applied in the absence of appropriate grounds for relief. The movant has the burden to show just cause for relief. "The burden is upon the movant to set forth in a motion or petition and supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." *Tennessee State Bank v. Lay*, 609 S.W. 2d 525, 527 (Tenn. Ct. App. 1980) (citing *Hopkins v. Hopkins*, 572 S.W. 2d 639 (Tenn.1978)).

An insight as to the spirit under which rules of procedure should be interpreted is provided by the Tennessee Supreme Court in *Childress v. Bennett:*

> The prime function and purpose of the judicial system is to settle, determine and end differences between contending parties. *Tenn. Juris.*, 1983, Vol. 8, Courts, Sec. 2. Courts should not act arbitrarily in their judgments, and it is the general rule that courts are reluctant to give effect to rules of procedure which seem harsh and unfair, and which prevent a litigant from having a claim adjudicated upon its merits.

*Childress v. Bennett*, 816 S.W. 2d 314, 316 (Tenn. 1991).

Moreover, a view in favor of deciding cases on the merits is explained in *Keck v. Nationwide Systems, Inc.,* 499 S.W. 2d 266, 267 (Tenn. Ct. App. 1973):

> One can find numerous decisions where the courts make it clear they are anxious to see cases determined on the merits whenever such is possible. It seems to be a universal rule that when there is a reasonable doubt as to whether a default judgment should be set aside upon proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits.

*Id.* at 267.

In *Abbott v. Gateway*, an unreported opinion, the court dealt with another case involving the interpretation and application of Local Rule 20(b) in conjunction with Rule 60.02(1), Tenn. R. Civ. P., under facts that are similar to the instant case. *Abbott v. Gateway*, No. M1999-00653-COA.-R3-CV, 2000 WL 1038113 (Tenn. Ct. App. July 28, 2000). In *Abbott,* the party who appealed from the General Sessions Court to the Circuit Court failed to timely file a Motion to Set. As a consequence, the trial court, just as here, dismissed the appeal and made the General Sessions judgment a judgment of the trial court. The aggrieved party then sought relief under Tenn. R. Civ. P. 60.02(1), which was denied. The aggrieved party's attorney asserted in his affidavit that he did not receive a notice from the clerk indicating that the case had been docketed and not set as required by Local Rule 20(b) and was on the verge of being dismissed. The appellee on the other hand, stated that she had received a notice of appeal filed by the appellant and a letter from the clerk indicating that the case had been docketed.

In its analysis of whether relief was proper under Tenn. R. Civ. P. 60.02(1), the *Abbott* Court commented, "This Court has held that '[n]egligence on the part of the moving party[is] precisely the type of error a Rule 60 motion is designed to relieve.'" *Abbott* at *2 (quoting *Tennessee State Bank v. Lay*, 609 S.W. 2d 525, 527 (Tenn. Ct. App. 1980) (wherein the court held that, "mistake, inadvertence, surprise excusable neglect or misfortune of the moving party's attorney may be grounds for vacating a default judgment"). Moreover, the *Abbott* Court found as important the efforts of the moving party to correct its error and the level of prejudice that the moving party has suffered as a result of the mistake or inadvertence. *Abbott* at *3.

In finding relief under Rule 60.02(1) proper, the *Abbott* Court considered that appellant's counsel was at fault, not the appellant, and that appellant's counsel "took immediate action to correct his oversight" by filing a motion to set aside the dismissal within a day of receiving the Circuit Court's order of dismissal. *Abbott* at *3. As for prejudice to the appellee, the Court found that there was no evidence that she would be prejudiced by the delay of the appeal in the circuit court.

In a very recent opinion, May 2003, the Tennessee Supreme Court thoroughly addressed a Rule 60.02(1) request for relief from the dismissal of a case for failure to prosecute under the Local Rules of Practice of the Courts of Record of Davidson County 37.02. *Henry v. Goins*, 104 S.W.3d

475 (Tenn. 2003). (Unlike the facts in the instant case, the trial judge granted the request for Rule 60.02 relief and the intermediate appellate court held that the trial court had erred in setting aside the dismissal.) In *Henry,* the Court reasoned that the dismissal of a case for failure to prosecute "is analogous to a default judgment." *Id.* at 481. Comparing the two, the Court said:

> When a defendant fails to answer a complaint, the plaintiff may obtain a default judgment without a hearing on the merits. When a plaintiff fails to prosecute the case, the defendant may receive a judgment of dismissal without a hearing on the merits. Both dismissals and default judgments are drastic sanctions. (citations omitted) Neither dismissals nor default judgments are favored by the courts. (citations omitted) Dismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits. *See, e.g., Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) (observing that "it is the general rule that courts are reluctant to give effect to rules of procedure . . . which prevent a litigant from having a claim adjudicated upon its merits"); *Barbee*, 689 S.W.2d at 866 (stating that in the interests of justice, courts express a clear preference for a trial on the merits).

*Id.* at 481.

Following its analysis, the *Henry* Court concluded that the factors pertinent to setting aside a default judgment should apply when relief from an order of dismissal is sought under Rule 60.02(1). Specifically, the Court held:

> Because of the similarity between default judgments and dismissals, we find instructive those factors that are used to determine if a default judgment should be vacated under Rule 60.02(1). Those factors include: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted. (citations omitted). These same factors should apply in cases when relief from an order of dismissal is sought under Rule 60.02(1).

*Id.* at 481.

Analyzing the first factor, the *Henry* Court found that the movants were not at fault for the trial court's *sua sponte* dismissal because the trial court had not provided notice that it was considering dismissal of the case, thus preventing the movants from taking action to prevent the dismissal. Further, the movants showed proof that the parties had been negotiating toward a settlement and thus the case had not been "dormant." In regards to the second factor, the Court found that it was clear that movant's claim was meritorious because after reinstatement of their claims, the movants prevailed at trial. With respect to the third factor, the Court found that the party who opposed Rule 60.02(1) relief did not contend that any specific prejudice would result by reinstatement of the claims. The Court stated, " Simply having to proceed to trial does not constitute

prejudice, nor does the mere passage of time." *Id*. at 482. Ultimately, the Court found that the movants were entitled to Rule 60.02(1) relief under the ground of excusable neglect.

*Henry* placed particular importance on the fact the movant had no notice of the impending dismissal stating, "When a party has no notice of a critical step in a court proceeding, the circumstances may make out a case of excusable neglect." *Id.* at 480. Observing that Rule 55.01, Tenn. R. Civ. P., requires notice to be given before a default judgment is granted, the Court concluded that such liberality is especially warranted in a Rule 60 proceeding when an order of dismissal is entered without procedural safeguards such as notice. A request to vacate an order of dismissal pursuant to Rule 60.02 should be granted under the same circumstances as a motion to vacate a default judgment when there is no notice. *Id.* at 481. The Court reasoned that, "A request to vacate a default judgment in accordance with Rule 60.02 should be granted if there is reasonable doubt as to the justness of dismissing the case before it can be heard on its merits." *Henry* at 481.

While *Henry* applies Rule 55 factors[1] to a Rule 60.02(1) motion, it does not address how the Rule 55 factors are to be applied in relation to the Rule 60.02(1) reasons of "mistake, inadvertence, surprise or excusable neglect." Accordingly, we must consider whether the *Henry*/Rule 55 factors supersede the Rule 60.02(1) reasons[2] or whether they are to be applied along with Rule 60.02(1) reasons, such as excusable neglect.

There is a substantial body of case law interpreting the application of the Rule 60.02(1) reasons. This Court discussed excusable neglect at great length in another context (dealing with excusable neglect under Rule 6.02,[3] Tenn. R. Civ. P.) in *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group,* 56 S.W.3d 557, 566-571 (Tenn. Ct. App. 2001), and found the following factors (circumstances) pertinent:

---

[1]We refer to the three new factors as Rule 55 factors however they are not found in Rule 55. They find their origin in case law and have frequently been applied in the Federal courts to Rule 55 and Rule 60(b)(1), F. R. Civ. P.

> In applying Rule 60(b)(1) in the context of default judgments, courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied. These criteria, which are conspicuously absent from the decision below, include (1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted.

*Davis v. Musler*, 713 F.2d 907, 915 (2nd Cir. 1983), (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) and *Medunic v. Lederer, 533 F.2d 891,893 (3d Cir. 1976)). cf. Meehan v. Snow*, 652 F.2d 274, 277 (2d. Cir. 1981) (applying these criteria in reviewing a motion to set aside the entry of a default under the more lenient "good cause shown" standard of Rule 55(c)).

[2]The reasons under subsection (1) of Rule 60.02, Tenn. R. Civ. P., are "mistake, inadvertence, surprise or excusable neglect."

[3]Not to be confused with Rule 60.02, Tenn. R. Civ. P.

7

[N]ot all negligence can be indulged. To do that would read out of the excusable neglect principle the requirement that the neglect must first be found excusable. Finding whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. at 395, 113 S.Ct. at 1498; *Dubuc v. Green Oak Township*, 958 F.Supp. 1231, 1241 (E.D.Mich.1997). The relevant circumstances envelop the big picture of both causes and effects, including (1) the danger of prejudice to the party opposing the late filing, (2) the length of the delay and its potential impact on proceedings, (3) the reason why the filing was late and whether that reason or reasons were within the filer's reasonable control, and (4) the filer's good or bad faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. at 395, 113 S.Ct. at 1498; *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir.1995); *In re Nunez*, 196 B.R. 150, 157 (9th Cir.BAP 1996). These circumstances must be weighed both with and against each other because, if considered separately, they may not all point in the same direction in a particular case. *In re Keene Corp.*, 188 B.R. 903, 909 (Bankr.S.D.N.Y.1995); *In re Nickels Performance Sys., Inc.*, 169 B.R. 647, 651 (Bankr.E.D.Tenn.1994).

*Id.* at 567.

If we interpret the *Henry*/Rule 55 factors as superseding *Sizemore* and other cases which construed Rule 60.02(1) it would constitute an amendment to Rule 60.02 for the consequence would be a substitution of "willfulness, meritorious defense and prejudice" for the Rule 60.02(1) reasons of "mistake, inadvertence, surprise and excusable neglect." We do not believe our Supreme Court intended such and hold that the Rule 60.02(1) reasons, such as excusable neglect, are still applicable as well as the relevant cases such as *Sizemore*.

Having found that reasons such as excusable neglect survive *Henry*, we are presented with yet another issue, that being how these factors and reasons are to be weighed with and against each other. The origin of the three *Henry*/Rule 55 factors can be found in the Federal courts. *Tennessee Department of Human Services v. Barbee,* 689 S.W.2d 863 (Tenn. 1985), cited frequently in *Henry*, quoted several Federal cases. *See Barbee* and *Davis v. Musler,* 713 F.2d 907 at 915 (2nd Cir. 1983). These cases lead us back to *Jackson v. Beech*, 636 F.2d 831 (D.C. Cir. 1980). *Jackson*, which applied the same three factors as *Henry*. *Jackson* held that Rule 55 default judgments are designed to handle a "totally unresponsive" party and that trial courts should not grant default judgments in cases that do not present the problem of a totally unresponsive party.

This is not a case in which a default judgment was necessary because the defendants were "essentially unresponsive." Within twenty days of the filing of the complaint, the defendants moved to stop proceedings pending arbitration, and, by the time the default judgment was entered, they had filed a motion for permission to answer out of time and an answer. Since this case does not present the problem that default judgments are designed to handle a totally unresponsive party the district court

8

should have considered three criteria in deciding whether to set aside the default: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." (citation omitted). Balancing these factors as they appear in the case at bar indicates that the default should have been set aside.

*Id*. at 836.

The pertinent aspect of *Jackson* is the realization that courts distinguish when the three *Henry*/Rule 55 factors apply, or do not apply. While *Jackson* is merely persuasive in its holding that Rule 60.02(1) reasons are less relevant than the three *Henry*/Rule 55 factors when the defaulting party is not essentially unresponsive, *Henry* makes it mandatory. Accordingly, we find that when the defaulting party is not essentially unresponsive, the *Henry*/Rule 55 factors not only apply but they are more relevant than the reasons under Rule 60.02(1) of mistake, inadvertence, surprise or excusable neglect.

Therefore, we will consider the *Henry*/Rule 55.02 factors along with the Rule 60.02(1) reasons, weighing them with and against each other to obtain a proper perspective, as suggested above and in *Sizemore*, under the umbrella of the general rule that courts are reluctant to give effect to rules of procedure which prevent a litigant from having a claim adjudicated upon its merits. *See Barbee* at 866 and *Henry* at 481 (stating that in the interests of justice, courts express a clear preference for a trial on the merits.)

The first *Henry* factor is whether the default was willful. In preparation for setting the matter for trial, Gutterguard's attorney had inquired with the Clerk prior to the expiration of the 45-day period to obtain available trial dates. When Gutterguard filed its motion to set the case for trial, the case was still active, though the motion was filed two days after the expiration of the 45-day period. Further, Gutterguard's attorney insists that he did not receive notice of the commencement of the 45-day period. In finding relief under Rule 60.02(1) proper in *Abbott*, the Court considered that the appellant's counsel was at fault, not the appellant, and that the appellant's counsel "took immediate action to correct his oversight" by filing a motion to set aside the dismissal within a day of receiving the Circuit Court's order of dismissal. *Abbott* at *3. Accordingly, though we find that Gutterguard was in violation of Local Rule 20(b) when it filed its motion, we also find that such violation was not willful.

The second *Henry* factor requires Gutterguard to show it has a meritorious defense. Neither party presented any evidence concerning whether Gutterguard has a meritorious defense. In fairness to counsel and the trial court, this was not a relevant factor when the motion was heard; however, while this matter was on appeal our Supreme Court mandated that this factor be considered. *Id.* at 481.

The third *Henry* factor is prejudice. Bowers acknowledges it has suffered no prejudice other than the cost of this appeal and the delay resulting from the dismissal and this appeal. As stated in *Henry*, "Simply having to proceed to trial does not constitute prejudice, nor does the mere passage

of time." *Henry* at 482. Accordingly, we find that Bowers would not have been prejudiced if the relief had been granted by the trial court.

*Sizemore* factor number one (prejudice) is consistent with *Henry* factor three (prejudice) and *Sizemore* factor number four (good or bad faith) is consistent with *Henry* factor one (willfulness). They, therefore, require no further discussion. Accordingly, we will evaluate the second and third *Sizemore* factors.

The second *Sizemore* factor is the length of the delay and its potential impact on the proceedings. Gutterguard filed the motion to set two days after the 45 day period expired. Indeed, this is in violation of the Local Rule, yet the motion was filed prior to the dismissal of the action. Moreover, once the trial court dismissed the action upon motion of the plaintiff, Gutterguard filed its Rule 60 motion within one week of the dismissal. Accordingly, we find the delay of two days a violation that is less than egregious considering the fact that Gutterguard did not have actual knowledge of the commencement of the 45 day deadline[4]. Moreover, the record shows that the matter could not have been tried until January 27 of the following year, some four months after the motion was filed, had the motion to set for trial been granted.

The final factor to be considered is the third *Sizemore* factor, which pertains to the reason for the delay and whether the reasons were within Appellant's reasonable control. Clearly, filing the motion to set the matter for trial was within the control of Gutterguard. Specifically, counsel could have immediately filed a motion to set without waiting 47 days following the arrival of the file in the Circuit Court Clerk's office. While Gutterguard's counsel may not have received notice of the date the file "arrived" in the Circuit Court Clerk's office, its counsel was aware of the time constraints and was aware that it was his affirmative duty to see that the matter was set for trial no later than 45 days from the arrival of the file in the Clerk's office. While counsel may not have known the exact date the clock started ticking, he was clearly negligent in waiting 47 days from the arrival of the file in the Circuit Court Clerk's office and 54 days from the date he perfected his appeal to the Circuit Court. Accordingly, the "reason for the delay" is obvious, it was the inattention and neglect of counsel for Gutterguard.

While the facts before us are consistent with *Abbott,* wherein the Court of Appeals granted Rule 60 relief, we must consider factors that were not applicable when *Abbott* was decided. Particularly, one of the three *Henry* factors, meritorious defense, was not considered by the parties or the trial court. In fairness, the parties and the trial court did not consider the new *Henry* factors for *Henry* was decided after this appeal was perfected. As a result, there is no evidence in the record for us to make a determination. In *Blount County Educ. Ass'n v. Blount County Bd. of Educ.*, 78 S.W. 3d 307, 320 (Tenn. Ct. App., 2002), the Court was confronted with a record that was

---

[4]Nevertheless, Gutterguard's counsel was clearly negligent in not inquiring with the Circuit Court Clerk's Office, having actual notice that he had the affirmative duty to act within a short time period to set the matter for trial.

incomplete on the details of a mandatory subject.[5]  The Court concluded that "we must remand this case to the Trial Court for a factual determination as to whether the parties bargained in good faith on this subject . . . ."  *Id.* at 320.

Since our record contains no information concerning the now mandatory factor of "meritorious defense," we too must remand this case to the trial court for a factual determination of whether the defendant has a meritorious defense.  Furthermore, the trial court should then evaluate all of the pertinent factors, weighing them with and against each other to obtain a proper perspective of how they apply to this case, along with the general rule that courts are reluctant to give effect to rules of procedure which prevent a litigant from having a claim adjudicated upon its merits.

Accordingly, we reverse and remand the matter for a further hearing on Gutterguard's Motion for Rule 60.02(1) relief.  Since this appeal is the direct result of Gutterguard's failure to comply with Local Rule 20(b), costs of this appeal are taxed to Gutterguard.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[5]The *Blount County* dispute pertained to whether an impasse had been reached on one of several mandatory subjects in negotiations for a new memorandum of agreement pursuant to the Education Professional Negotiations Act.  The Court concluded that the case could be remanded to the trial court for a factual determination as to whether the parties bargained in good faith on the mandatory subject.  *Id*. at 320.