**Delma Faye PAGE, Plaintiff-Appellee,**

v.

**Jesse Carl PAGE, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section at Nashville.

April 17, 1984.

Application for Permission to Appeal Denied June 11, 1984.

Alec Garland, Manchester, for plaintiff-appellee.

Robert L. Huskey, Manchester, for defendant-appellant.

CRAWFORD, Judge.

This appeal is taken from the order of the trial court granting plaintiff's motion under Tenn.R.Civ.P. 60.02 and the only issue presented is whether the trial court erred in granting plaintiff's relief under this rule.

Delma Faye Page (hereinafter referred to as Wife) filed a Complaint for Divorce on November 6, 1979, against Jesse Carl Page (hereinafter referred to as Husband) in the General Sessions Court of Warren County, Tennessee. The trial was held before a special judge on January 23, 1980, and the final decree was entered August 8, 1980, *nunc pro tunc* January 23, 1980. The record does not indicate any reason for the long delay between the trial of the case and the entry of the decree, but it does appear that Wife was the only party represented by counsel in the divorce proceedings. The decree in pertinent part for this appeal provides:

7. That the plaintiff is awarded all right, title and interest in and to the parties' homeplace and adjoining vacant lot more fully described as follows, to-wit:

(description of property omitted)

and the plaintiff shall assume and pay the outstanding indebtedness owed against same, if any.

8. That the plaintiff shall pay the sum of Fifteen Thousand Dollars ($15,000.00) to the defendant for his interest in said homeplace.

9. That the defendant is awarded all right, title and interest in and to approximately thirty-four (34) acres of real estate located on Route 7, McMinnville, Tennessee, and the plaintiff is divested of all right, title and interest therein.

On November 19, 1980, Husband, now represented by counsel, filed a petition to, *inter alia,* require Wife to pay the $15,000.00 provided for in Paragraph 8 of the final decree. Wife, after responding and filing various other pleadings not material to the case before us, filed on January 23, 1981, a "Motion for Relief From Judgment," which we set out herein:

### MOTION FOR RELIEF FROM JUDGMENT

Comes the petitioner, Delma Faye Page, who moves this Court to grant her relief from the final decree of divorce filed in this cause on August 8, 1980, but entered nunc pro tunc for January 23, 1980, pur-

suant to Rule 60 of the Tennessee Rules of Civil Procedure and for cause of action would show unto the Court:

1. On January 23, 1980, when this Court awarded the petitioner an absolute divorce from the respondent, Jesse Carl Page, the parties owned certain real estate located in Warren County, Tennessee, which included a house and lot which is described in that decree, to which reference is made for a more complete description and an unimproved tract of approximately 34 acres which is located at Route 7, McMinnville, Tennessee, a description of which is of record in Warranty Deed Book 214, page 681, in the Office of the Register of Deeds of Warren County, Tennessee, to which reference is made for a more complete description.

2. It was the petitioner's intent when this divorce was awarded to divide all of the jointly owned property as equally as possible, and since the real estate mortgage was in the approximate amount of $30,000.00 and payable to A.E.D.C. Federal Credit Union, which made weekly deductions from the respondent's paycheck to pay the mortgage, she agreed with the respondent to pay him approximately one-half of the total indebtedness in order that the mortgage would not have to be rewritten at a higher interest rate.

3. Prior to the divorce, an agreement was made between the parties that the respondent would be responsible for the support for the parties' two minor children in the amount of $200.00 per month. It was likewise agreed that neither party would make cash payments to the other, but rather that the $200.00 support payment each mouth [sic] would be credited against the lump sum of $15,000.00 due to the respondent, and that he would continue to allow the weekly payroll deduction to pay the mortgage. This agreement was explained in open court to the special judge holding the General Sessions Court for Warren County, Tennessee on that date and the Court after some reluctance complied with the parties' wishes. Because of that understanding between the parties, which was approved in open court, no payments were made for the insuing several months nor were any demands made by either of the parties for payment.

4. During the latter part of July or early August, 1980, differences arose between the petitioner and the respondent, and the petitioner went to her attorney and requested a copy of her divorce decree to clarify the award of certain property. She found that for some reason, a decree had not been entered, and on August 8, 1980, a final decree was entered in this case, which related back to the day of the divorce hearing. That decree awarded the husband the 34 acre farm, and the wife the house and lot, but required that "the plaintiff shall assume and pay the outstanding indebtedness owed against same, if any."

5. When the 34 acre unimproved tract was purchased by the parties several years ago, financing was secured through the A.E.D.C. Federal Credit Union by the respondent. The petitioner was aware that a portion of the proceeds received from the credit union were applied to pay off the existing mortgage on the house and lot which was held by F.H.A. but either assumed or was told by the respondent that the mortgage secured the newly purchased property. Only about two months ago did she become aware that the mortgage was secured by the house and lot and that the unimproved acreage was unencumbered.

6. In support of the petitioner's allegation of mistake or misrepresentation, she would show that at the time of the divorce the residence was worth approximately $34,000.00 and that the unimproved property was worth a like amount of $34,000.00. The mortgage was in the approximately amount of $30,000.00 and in an effort to equally divide the real estate, she agreed to pay to the respondent the sum of $15,000.00, or one half of the encumbrance against his real estate which would give each of the parties a $19,000.00 equity after the division. To

divide the property, and the liabilities against it as is set out in the final decree, the petitioner would have received a $34,000.00 piece of property with a $30,000.00 encumbrance and then after payment to the respondent of the $15,000.00 would have had a deficit equity of $11,000.00 after the division. On the other hand, the respondent would receive a $34,000.00 piece of property and $15,000.00 cash which would have given him a positive $49,000.00 equity after the division. This would have resulted in a $60,000.00 difference in the agreed-upon division of assets which was certainly not the intention of either of the parties, and especially your petitioner.

Wherefore, your petitioner prays that this motion for relief from judgment be granted, and that she be relieved from the provisions of the final decree entered in this case because of mistake or misrepresentation and that she either be awarded the house and lot free and clear of encumbrance or in the alternative be paid $15,000.00 by the respondent.

The petitioner further prays that this be consolidated with the respondent's petition to modify for the purpose of trial. Respectfully submitted this the 23 day of January, 1981.

GARLAND & HAWKINS
BY: /s/ _____
Alec Garland
Attorney for Petitioner

No written response was filed to this motion by Husband and the hearing on the motion was held by the duly elected General Sessions Judge and produced the following testimony as we glean from the narrative statement of the evidence filed pursuant to T.R.A.P. 24(c):

Wife testified that she felt she was tricked into agreeing to the provisions of the final decree dividing the property and that she did not know the house and lot were encumbered by a deed of trust securing the approximately $30,000.00 debt. She stated she did not know anything about the loan, didn't know anything about business affairs, although she acknowledged her signature on the loan documents which were presented to her for viewing.

Husband testified that the final decree accurately reflected the agreement made between the parties which agreement was proposed and offered by Wife; that he did not want the divorce but could not talk his Wife out of it so he agreed to take the deal that she offered. He testified:

I asked her if she had found herself a gold mine and she told me that it wasn't any of my business; that she was paying me plenty to get out and stay out and not to ask any questions.

Husband further testified that Wife knew about the loan because she signed every document. He felt that the house obtained by Wife in the final decree was worth $45,000.00 and that the unimproved land he obtained by the decree was worth $22,000.00. A real estate agent testified at the hearing that the residence property was worth approximately $32,500.00 and that the land obtained by Husband was worth approximately $22,000.00.

After hearing the testimony, the court stated that he did not think that the division of property in the final decree was fair and he was going to set it aside.

■ It is significant to note that Wife did not verify under oath her Rule 60 motion and therefore no evidentiary value can be attributed to it. Also, neither party, especially Wife, introduced evidence corroborating the material allegations of the motion. The court made no statement to indicate it found a mistake or misrepresentation, the grounds relied upon by Wife for relief under Rule 60, but the court's comment was limited to his statement that he did not believe the provisions of the final decree concerning the distribution of the property were fair.

■ Tenn.R.Civ.P. 60.02 permits the court to relieve a party from a final judgment due to a mistake, inadvertence, surprise or excusable neglect of the moving

party. *Tennessee State Bank v. Lay,* 609 S.W.2d 525, 527 (Tenn.App.1980).

 When the extraordinary relief provided in Rule 60.02 is sought, the burden is upon movant to set forth in a motion or petition, or an affidavit in support thereof, facts explaining why movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect. *Hopkins v. Hopkins,* 572 S.W.2d 639 (Tenn.1978).

In the case before us the only proof from Wife was to the effect that she did not know the loan constituted a lien on the property which she received in the final decree. Wife did not explain the fact that she signed the loan papers, that her attorney specifically provided in the final decree that she was to make the mortgage payments, nor did she respond to the Husband's allegations that she, in effect, paid a premium to obtain an uncontested divorce. As noted, the trial court did not make any findings of mistake or misrepresentation which would entitle her to the relief sought, but on the contrary found only that the final decree distribution was unfair and that he did not approve of it. In effect, the General Sessions Judge acted as an appellate court to review the action of the Special Judge who heard the divorce case and made the distribution of the property between the parties. This type of review is not the purpose of Rule 60 proceedings.

 The record of the evidence in this case simply does not reflect sufficient proof in support of Wife's motion to carry the burden of proof placed upon her to warrant relief under Tenn.R.Civ.P. 60.02. Accordingly, the order of the trial court setting aside the final decree and making a new division of property is reversed, the Final Decree of Divorce entered January 23, 1980, is reinstated, and this case is remanded for such other proceedings as may be necessary. Costs of appeal are adjudged against Wife.

NEARN, P.J., W.S., and TOMLIN, J., concur.