**Kimberly Ann WALKER,
Plaintiff-Appellee,**

v.

**Jack BAKER, Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

June 3, 1987.

Permission to Appeal Denied by Supreme
Court Sept. 28, 1987.

Larry Rice, Pierce, Rice, Nichols, Rice & Bursi, Memphis, for plaintiff-appellee.

Richard H. Crawford, Memphis, for defendant-appellant.

HIGHERS, Judge.

This appeal is taken by the defendant from an order of the trial court denying relief from a default judgment in a paternity case.

The plaintiff, Kimberly Ann Walker, filed a petition to establish paternity in the Juvenile Court, alleging that the defendant, Jack Baker, is the father of Ashley Nicole Walker, born January 29, 1985. The defendant filed a "Denial of Paternity and Demand for a Jury Trial" in the Juvenile Court which contained the following provision: "I understand that this case is being transferred to the Circuit Court of Shelby County, and I further understand that if I fail to file an Answer to this Petition within thirty (30) days from this date, that a SUMMARY JUDGMENT may be taken against me as provided by law, finding me to be the father of said child."

The document was signed not only by the defendant, but also by his attorney of record. It was dated September 10, 1985, and on that same date the Juvenile Court entered an order transferring the case to the Circuit Court.

On December 12, 1985, a motion for default judgment was filed in the Circuit Court alleging that the defendant had not answered. The motion was granted by order of December 20, 1985.

Thereafter, on March 26, 1986, defendant filed a Rule 60.02 motion, T.R.Civ.P., seeking relief from the default judgment entered against him. He alleged that he was out of town when the notice of the hearing arrived; that he was contacted by his wife and told of the hearing, but that he was delayed in returning due to inclement weather; that he did not know a default judgment had been entered until he was summoned to Juvenile Court for a support hearing on March 13, 1986; and that he desired to have the default judgment set aside in order to proceed to trial before a jury on the issue of paternity.

After consideration of the affidavits filed, and the entire record in the cause, and upon hearing oral argument of counsel, the trial court denied the defendant's motion for relief from judgment. Counsel for defendant (not the same counsel who initially appeared in the Juvenile Court proceeding) filed a motion to alter or amend judgment and for a new trial. This motion was also denied, and this appeal followed.

The defendant has presented four issues for review:

I. Did the Trial Court err by denying the Appellant's "Motion for Relief from Default Judgment" based on his allegation of insufficient notice?

II. Did the Trial Court err by denying the Appellant's "Motion for Relief from Default Judgment" on the issue that the Appellee was granted a Default Judgment in lieu of a Summary Judgment as required by T.C.A. § 36–2–106(b), thereby allowing Appellee to violate the statutory scheme as stated?

III. Did the Trial Court err by denying the Appellant's "Motion to Alter or Amend a Judgment for New Trial" on the issue that the Appellant's "Denial of Paternity and Demand for Jury Trial" should be considered an answer as required by T.C.A. § 36–2–106(b).

IV. Did the Trial Court err by denying the Appellant's "Motion to Alter or Amend a Judgment and for New Trial" on the issue that the Appellee was granted relief under application for a Default Judgment in lieu of a Summary Judgment which is required by T.C.A. § 36–2–106(b).

■ Defendant's first issue is whether the trial court erred in denying his Rule 60 motion based on his allegation of insufficient notice. Defendant states in his affidavit that he received notice of the motion on December 19, 1985, and that the hearing was the next day, December 20, 1985, thus falling short of the five day notice required in T.R.Civ.P. 55.01. Plaintiff has shown, however, that notice of the motion was mailed on December 9, 1985, directly to the defendant as well as to his former counsel. Pursuant to T.R.Civ.P. 5.02, service by mail is complete upon mailing. Therefore, suffi-

cient notice was given as required by the rule.[1]

The defendant contends that he is entitled to relief, pursuant to T.R.Civ.P. 60.02, which may be predicated upon mistake, inadvertence, surprise, or excusable neglect. The burden is upon the movant to set forth facts why he was justified in failing to avoid the mistake, inadvertence, surprise or neglect. *Page v. Page*, 672 S.W.2d 423 (Tenn.App.1984). In the instant case, we believe that a brief chronology of events will be helpful in ascertaining whether the defendant has met that burden. The subject child was born on January 29, 1985, and the initial petition was filed in the Juvenile Court on March 1, 1985. Defendant denied paternity and the case was transferred to the Circuit Court on September 10, 1985. It was received and marked "filed" in the Circuit Court on September 16, 1985. The motion for default judgment was filed on December 12, 1985, notice having been sent to defendant on December 9, 1985. From September 10, 1985, to December 12, 1985, defendant had filed no answer in Circuit Court, although he was represented by counsel during a part of this period and he himself signed a document indicating his understanding that an answer was required within thirty days of September 10, 1985. Further, the defendant was sent a copy of the default judgment which was entered on December 20, 1985, yet he took no action in the matter until March 26, 1986, when he filed his motion seeking relief in the Circuit Court. We do not believe that his conduct constitutes excusable neglect, or that he has set forth facts sufficient to bring himself within the terms of T.R.Civ.P. 60.02 justifying relief.

The defendant's second and fourth issues may be considered together since they both relate to whether relief should have been granted due to entry of a default judgment rather than a summary judgment as provided in T.C.A. § 36-2-106(b):

If, within thirty (30) days from the date of the entry of the order transferring the case is transferred to the circuit or chancery court, the defendant fails to file an answer to the paternity petition, summary judgment may be taken against such defendant, provided notice of the proceeding is served upon the defendant or his attorney of record. If the defendant fails to appear, the security of his appearance shall be forfeited and shall be applied upon the order of paternity and support, and a default judgment may be taken, provided notice of the proceeding is served upon the defendant or his attorney of record.

The defendant argues that the proper remedy would have been summary judgment rather than default judgment and that he is, therefore, entitled to have the judgment set aside. It is difficult to see how the defendant would have fared better if the trial court had granted summary judgment rather than default judgment; either is a conclusive determination of the merits. The descriptive modifier simply denotes the type of judgment taken. Summary judgment generally denotes a judgment deemed appropriate when there are no material issues of fact and the movant is entitled to judgment as a matter of law. *See* T.R.Civ.P. 56; *Evco Corporation v. Ross*, 528 S.W.2d 20 (Tenn.1975). Default judgment, on the other hand, is available when a party against whom a judgment or affirmative relief is sought fails to plead or otherwise defend. *See* T.R.Civ.P. 55. The effect being the same, the defendant is not prejudiced if the moving party is entitled to judgment although the style of the judgment is a misnomer. In the case under review, however, it would appear that the plaintiff was entitled to pursue either form of relief. The fact that the plaintiff had a statutory basis upon which to pursue summary judgment does not preclude the plaintiff from seeking a default judgment where the requisite elements for such relief were

---

1. It should be noted that the five day notice required by T.R.Civ.P. 55.01 is applicable only to a party who "has appeared in the action." We do not reach the question whether the de-

fendant, who had filed no answer in the Circuit Court, had made an appearance so as to activate the provisions of the rule.

also present. We find the defendant's second and fourth issues to be without merit.

■ The final issue raised by defendant contends that the defendant's "Denial of Paternity and Demand for Jury Trial" filed in the Juvenile Court should suffice as an answer so that no further pleading should be required. As already noted, however, this document in itself contemplates that an answer is to be filed within thirty days of the date thereof. Further, the denial is filed in the Juvenile Court as a means of effectuating the transfer of the matter to the Circuit Court. The answer to be filed, however, is to make an issue in the Circuit Court where the jury trial is to be conducted. Once the matter is transferred to the Circuit Court for trial, it is governed by the Tennessee Rules of Civil Procedure. *Tennessee Department of Human Services v. Patterson*, 605 S.W.2d 541 (Tenn.1980). It is clear that T.C.A. § 36-2-106(b) mandates that an answer is to be filed in the Circuit (or Chancery) Court "within thirty (30) days from the date of the entry of the order transferring the case." Consequently, the denial of paternity filed in the Juvenile Court for the purpose of bringing about that transfer cannot be regarded as an answer to the petition in the Circuit Court.

The judgment of the trial court is affirmed. Costs are adjudged against the appellant.

CRAWFORD and FARMER, JJ., concur.