IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 11, 2010 Session

**LUCY M. RAY v. SWANSON REALTY, LLC, ET AL.**

**Appeal from the Circuit Court for Rutherford County**
**No. 57873     Royce Taylor, Judge**

**No. M2009-01469-COA-R3-CV - Filed May 21, 2010**

The plaintiff home builder filed a complaint for breach of contract against a woman who refused to close on the sale of a home she had contracted to purchase. When the defendant failed to timely respond, the plaintiff filed a motion for default judgment and served the motion on the defendant by mailing a copy to her. She did not open the envelope, but wrote "return to sender" on it, and placed it back into the mail. The trial court granted the plaintiff a default judgment. The defendant subsequently filed a motion to set aside the default judgment, which the trial court denied. The defendant argues on appeal that she did not receive actual notice of the motion for default judgment, and that the trial court should have granted her motion to set it aside amend because of "mistake, inadvertence, surprise or excusable neglect." We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Robert J. Foy, Smyrna, Tennessee, for the appellant, Lucy M. Ray.

G. Sumner R. Bouldin, Jr., Murfreesboro, Tennessee, for the appellees, Swanson Realty, LLC and Swanson Construction, LLC.

## MEMORANDUM OPINION[1]

### I. BACKGROUND

On April 18, 2008, Lucy M. Ray entered into a contract with Swanson Construction Company, L.L.C., whereby Ms. Ray would purchase a house that Swanson was building in Rutherford County, for a price of $201,900. Among other things, the contract provided that in the event of a breach of the contract by either party, and of a suit to enforce the contract, the prevailing party would be entitled to recover all costs of enforcement, including reasonable attorney fees. After the house was completed, Ms. Ray refused to complete the purchase, allegedly in reliance on the advice of her nephew Edward Palmer.

On September 25, 2008, Swanson Construction and Swanson Realty, L.L.C., (hereinafter "Plaintiffs") filed a complaint for breach of contract against Ms. Ray in the Circuit Court of Rutherford County. The complaint also named Mr. Palmer as a defendant, alleging that he had induced Ms. Ray to breach her contract. *See* Tenn. Code Ann. § 47-5-109.[2] The complaint was served on Ms. Ray by certified mail, and she acknowledged that she received it. Under Rule 12.02 of the Tennessee Rules of Civil Procedure, a defendant must serve an answer to a complaint within thirty days after it has been served on the defendant. However, Ms. Ray failed to file an answer to Plaintiffs' complaint. After more than thirty days had passed, Plaintiffs filed a motion for default judgment.

A copy of the motion for default judgment was sent to Ms. Ray at the same address, once again by certified mail. Rather than open the envelope and read the enclosed motion, Ms. Ray simply wrote "return to sender" on the face of the envelope and placed it back into the mail unopened. On March 6, 2009, the trial court conducted a hearing on the motion for default judgment and heard testimony that as a result of Ms. Ray's breach, Plaintiffs had suffered losses in the amount of $80,910.68 due to lost profit, costs, diminution of the value

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]A judgment was ultimately entered in this case against Mr. Palmer for inducement of a breach of contract. Since he has not appealed that judgment, we will omit any further mention of him from this opinion.

of the house and commission expense. An affidavit of attorney fees in the amount of $3,206.47 was also entered into the record. In an order filed on April 14, 2009, the trial court declared that Plaintiffs were entitled to judgment against Ms. Ray and awarded them a default judgment in the amount of $84,117.15.

On April 29, 2009, Ms. Ray filed a motion to set aside the default judgment. She argued that she did not receive actual notice of the motion for default judgment because she did not open the envelope containing the copy of that motion. On May 28, 2009, the trial court conducted a hearing on Ms. Ray's motion. After hearing the arguments of counsel, the court concluded that there was no reason to set aside the judgment, and it denied Ms. Ray's motion in an order dated June 11, 2009. This appeal followed.

## II. ANALYSIS

Rule 55.01 Tenn. R. Civ. P. authorizes the court to grant a default judgment when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend. However, Rule 55.02 declares that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." That rule, in turn, allows the court to give a party relief from a judgment because of mistake, inadvertence, surprise, or excusable neglect.

"Under Rule 60 'the burden is on the movant to set forth, in a motion or petition and supporting affidavits, facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise, or neglect.'" *Tennessee Dep't of Human Servs. v. Barbee,* 689 S.W.2d 863, 866 (Tenn.1985) (quoting *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App.1980)). *See also Walker v. Baker,* 738 S.W.2d 194, 196 (Tenn. Ct. App. 1987). Another requirement for getting a default judgment set aside is for the defendant to show that he or she has a meritorious defense to the plaintiff's suit. *Patterson v. Rockwell International*, 665 S.W.2d 96, 100 (Tenn. 1984); *Reynolds v. Battles*, 108 S.W.3d 249 (Tenn. Ct. App. 2003); *Nelson v. Simpson,* 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991).

The determination of whether or not to set aside a default judgment and/or grant a motion for new trial is deemed to be within the sound discretion of the trial court. *In re Estate of Mayes,* 843 S.W.2d 418, 425 (Tenn. Ct. App. 1992); *Nelson v. Simpson,* 826 S.W.2d at 485; *Keck v. Nationwide Systems*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that causes an injustice to the party complaining. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

In the present case, Ms. Ray has offered no explanation as to why she failed to answer the complaint. Nor does she explain why she chose not to open the envelope containing the motion for default judgment, but instead returned it unopened to the sender. She simply argues that since she did not read the motion, she did not receive actual notice that a default judgment might be entered against her.

We disagree. Plaintiffs sent her the notice of the motion for default judgment by means reasonably calculated to provide notice. *See Wilson v. Blount County,* 207 S.W.3d 741, 749 (Tenn. 2006). Thus, Plaintiffs correctly served her in accordance with the requirements of Tenn. R. Civ. P. 5, and she cannot be heard to claim that the method used to notify her was defective.

To the contrary, the notice was, in fact, delivered to her. Consequently, Ms. Ray did receive actual notice. She simply chose to ignore it by not opening the envelope and sending it back. These actions, being willful, do not fall within the "mistake, inadvertence, surprise, or excusable neglect" ground for setting aside a default judgment.[3]

Further, we decline to hold that individuals could avoid or delay legal liability by simply refusing to read or respond to communications sent by adverse parties. Ms. Ray has failed to meet the requirements for setting aside a default judgment. In sum, we hold that the trial court did not abuse its discretion by denying her motion.

### III. CONCLUSION

The judgment of the trial court is affirmed. We remand this case to the Circuit Court of Rutherford County for any further proceedings necessary. Tax the costs on appeal to the appellant, Lucy M. Ray.

_____
PATRICIA J. COTTRELL, JUDGE

---

[3]Additionally, in her motion to set aside the default judgment, Ms. Ray asked to be allowed to file a responsive pleading to the complaint, but she nowhere suggested that she actually has a meritorious defense to the breach of contract claim asserted against her.