# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### ASSIGNED ON BRIEFS JULY 20, 2010

## EDNA N. ZULUETA v. STEPHEN MONTGOMERY, M.D.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 09C2007      Joe P. Binkley, Jr., Judge**

---

**No. M2009-02406-COA-R3-CV - Filed August 11, 2010**

---

Plaintiff's complaint was dismissed after she failed to respond to the defendant's motion to dismiss and failed to appear at the hearing on the motion. The trial court denied her subsequent motion to set aside the order of dismissal, finding that she had not presented sufficient evidence to demonstrate that she was not served with the motion to dismiss. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Edna N. Zulueta, Nashville, Tennessee, *pro se*

Steven E. Anderson, Emily B. Warth, Nashville, Tennessee, for the appellee, Stephen Montgomery, M.D.

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

On June 12, 2009, Edna Zulueta filed a *pro se* complaint against Stephen Montgomery, M.D., alleging that he committed medical malpractice by performing an "unwarranted and unjustified" fitness-for-duty evaluation of her for her former employer, the United States Postal Service ("USPS"). On July 13, 2009, Dr. Montgomery filed a motion to dismiss for failure to state a claim, along with an accompanying memorandum in which he argued that he did not have a physician-patient relationship with Ms. Zulueta[1] and that she had failed to provide sufficient statutory notice of her medical malpractice claim. The trial court heard the motion to dismiss on July 31. Ms. Zulueta did not appear at the hearing or otherwise respond to the motion to dismiss. On August 6, 2009, the trial court entered an order granting Dr. Montgomery's motion to dismiss, stating, "Considering the Motion, Plaintiff's failure to oppose the Motion, and all of the other papers and pleadings filed in this action, the Court finds that Defendant's Motion to Dismiss is well-taken and should be granted."

On August 12, 2009, Ms. Zulueta filed a "Motion to Set Aside Order Granting Defendant's Motion to Dismiss," in which she argued the merits of her case and acknowledged Dr. Montgomery's allegations that there was no physician-patient relationship and that she failed to provide the statutory notice of her malpractice claim. However, she did not state any reason for her failure to attend the hearing or to otherwise respond to the motion prior to the dismissal. Dr. Montgomery then filed a response, in which he argued that it was inappropriate for Ms. Zulueta to use a motion to set aside as a vehicle for responding to his motion to dismiss, without explaining why she failed to timely respond or appear at the hearing prior to dismissal. He alternatively argued that Ms. Zulueta's substantive arguments lacked merit.

Ms. Zulueta then filed a second motion, which she designated as a "Motion to Amend Judgment and Set Aside Order Granting Defendant's Motion to Dismiss." Ms. Zulueta claimed that she did not receive a copy of Dr. Montgomery's motion to dismiss until August 12, although it was filed on July 13, heard on July 31, and granted on August 6. Ms. Zulueta's motion alleged that the USPS "has a proven track record of delaying mails intended

---

[1] According to Dr. Montgomery's motion, two other doctors performed the fitness-for-duty evaluation and concluded that Ms. Zulueta was psychologically unfit for duty as an employee of the USPS. The motion further stated that Ms. Zulueta had sued the USPS in federal court, and that Dr. Montgomery was retained by the Assistant U.S. Attorney representing the USPS to evaluate Ms. Zulueta and determine whether the USPS acted appropriately in requesting the psychological fitness-for-duty evaluation.

for Plaintiff specially mails regarding legal matters." She also attached the envelope in which the motion to dismiss allegedly arrived on August 12 in an attempt to show that the postage did not include the cost of certification and return receipt.

Dr. Montgomery then filed an additional response, directing the court's attention to the certificate of service attached to his original motion to dismiss and to the envelope submitted by Ms. Zulueta. The certificate of service was signed by Dr. Montgomery's attorney and read as follows:

> THIS MOTION IS SET TO BE HEARD ON FRIDAY, JULY 31, 2009, AT 9:00 A.M. FAILURE TO FILE AND SERVE A TIMELY WRITTEN RESPONSE TO THIS MOTION WILL RESULT IN THE MOTION BEING GRANTED WITHOUT FURTHER HEARING.

### CERTIFICATE OF SERVICE

> I certify that a copy of the foregoing has been served via U.S. Mail this 13th day of July, 2009 upon:
>
> Edna N. Zulueta
> 3716 Moss Rose Drive
> Nashville, TN 37216-4320

The address listed was the same as the one listed by Ms. Zulueta in her complaint. In addition, the envelope submitted by Ms. Zulueta was postmarked July 13, 2009. Dr. Montgomery's response further noted that Ms. Zulueta had provided no evidence to corroborate her belief that the USPS was intentionally withholding her mail.

> Following a hearing, the trial court entered an order stating, in pertinent part: Considering the Motion, the exhibits attached to the Motion, the Response of Defendant Stephen Montgomery, M.D., the arguments of counsel and Plaintiff at the hearing, and all of the other papers and pleadings filed in this action, the Court finds that Plaintiff's Motion to Set Aside is not well-taken and will be denied. Plaintiff failed to put forth clear and convincing evidence that she was not served with Defendant's Motion to Dismiss, and has not met the standard to set aside a judgment under Tennessee Rule of Civil Procedure 59.04.

Ms. Zulueta timely filed a notice of appeal.

## II.  ISSUES PRESENTED

On appeal, Ms. Zulueta contends that the trial court erred in granting the motion to dismiss and denying her motion to set aside.  Dr. Montgomery contends that Ms. Zulueta's appeal is frivolous and that he should be awarded his attorney's fees on appeal.  For the following reasons, we affirm the decision of the circuit court, and we award Dr. Montgomery his attorney's fees on appeal.

## III.  STANDARD OF REVIEW

We will treat Ms. Zulueta's motion as a Rule 59.04 motion for relief from an order due to mistake, inadvertence, or excusable neglect.  *Ferguson v. Brown*, 291 S.W.3d 381, 388 (Tenn. Ct. App. 2008).  We review decisions dealing with such motions under an abuse of discretion standard because they are addressed to the trial court's discretion.  *Id.* (citing *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997); *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)).  The trial court is in the best position to decide whether an order of dismissal should be set aside.  *Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003).

## IV.  DISCUSSION

Rule 5.01 of the Tennessee Rules of Civil Procedure provides that certain written motions and post-complaint filings shall be served upon each of the parties.  However, the service requirements of Rule 5 are less stringent than those provided under Rule 4 for service of process.  *Boone v. Morris*, No. M2002-03065-COA-R3-CV, 2004 WL 2254012, at *5 (Tenn. Ct. App. Oct. 6, 2004); *Estate of Vanleer v. Harakas*, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *8 (Tenn. Ct. App. Dec. 5, 2002).  Rule 5.02 provides that service of a written motion can be accomplished "by mailing it to such person's last known address."  **Tenn. R. Civ. P. 5.02.**  This type of service "can be effected through regular United States mail." [2] *Newman v. Newman*, No. W2004-01192-COA-R3-CV, 2005 WL 1618746, at *3 (Tenn. Ct. App. July 11, 2005).

"Service by mail is complete upon mailing."  **Tenn. R. Civ. P. 5.02.**  Proof of service

---

[2]  Of course, "using a return receipt requested or similar procedure requiring signature by the recipient would eliminate or lessen the opportunity for a defendant to claim nonreceipt of the notice." *Estate of Vanleer*, 2002 WL 32332191, at *8.  However, "[e]ven in the absence of such procedures, as when regular mail is used, service may be proved" by other methods.  *Id.*

"may be by certificate of a member of the Bar of the Court . . . or by any other proof satisfactory to the court." **Tenn. R. Civ. P. 5.03.** "There must of necessity be a very strong presumption as to the correctness of a return of service, signed by an officer of the court, or else court proceedings would frequently degenerate into unprovable wrangling over the collateral matter of service." *Harris v. Hensley*, No. M1999-00654-COA-R3-CV, 2000 WL 630924, at *3 (Tenn. Ct. App. May 17, 2000). Thus, "[a] certificate of service is prima facie evidence that a motion was served in the manner described in the certificate, and raises a rebuttable presumption that it was received by the person to whom it was sent." *McBride v. Webb*, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25, 2007) (citing *Or v. Or*, No. 01-A-01-9012-CH-00464, 1991WL 226916 at *4 (Tenn. Ct. App. Nov. 6, 1991)).

Although failure to serve a proper party may lead to reversal of the judgment against that party, "[a] simple denial of service by a party is never sufficient to set aside a judgment." *Harris*, 2000 WL 630924, at *3 (citing *State ex rel Agee v. Chapman*, 922 S.W.2d 516, 518 (Tenn. Ct. App. 1995); *Posey v. Eaton*, 77 Tenn. (9 Lea) 500 (1882)). "That is not to say that [the] presumption may not be rebutted, if the testimony of a party is supported by other disinterested witnesses or by corroborating circumstances." *Id.* (citing *See Cullen v. Maxey Camping Ctr. v. Adams*, 640 S.W.2d 22 (Tenn. Ct. App. 1982); *Brake v. Kelly*, 226 S.W.2d 1008 (Tenn. 1950)). "[T]here obviously exists the possibility of proof that a document was not received even though a certificate of service appears on it." *Estate of Vanleer*, 2002 WL 32332191, at *8. However, "[t]he burden is on the complaining party to show by clear and convincing evidence that he was not served." *Id.* (citing *O.H. May Co. v. Gutman's Inc.*, 2 Tenn.App. 43 (1925)). Rebuttal evidence of non-receipt creates an issue of fact for the court to resolve. *In re Adoption of S.A.W.*, No. M2007-01690-COA-R3-PT, 2008 WL 820540, at *1 (Tenn. Ct. App. Mar. 26, 2008) (citing *U.S. Life Title Ins. Co. of New York v. Dept. of Commerce & Ins.*, 770 S.W.2d 537, 542 (Tenn. Ct. App. 1989)).

Here, there is no merit in Ms. Zulueta's suggestion that service of the motion by mail was improper due to the lack of certification or a return receipt. Again, service may be "through regular United States mail." *Newman*, 2005 WL 1618746, at *3.

We also conclude that Ms. Zulueta was properly served, in spite of her allegation that the USPS intentionally delayed her mail. Service by mail is complete upon mailing. **Tenn. R. Civ. P. 5.02.** A proper certificate of service was attached to the motion to dismiss, indicating that it was served via U.S. mail on July 13, 2009, and the envelope submitted by Ms. Zulueta herself reveals a postmark of July 13. Ms. Zulueta did not present any credible evidence to support her bare allegation that the USPS withheld her mail until August 12. She attached to her motion to set aside numerous irrelevant documents from other lawsuits, in addition to an auto-reply email confirming her submission of a "Mail Theft Report" in

February of 2008. She also pointed to the fact that after she made the allegation about the USPS delaying her mail, Dr. Montgomery had subsequent filings hand-delivered to her. However, these facts do not provide sufficient evidence to prove that she did not receive the motion to dismiss until August 12. We also find it suspect that Ms. Zulueta filed a seven-page motion to set aside the order, with additional exhibits, at 3:08 p.m. on August 12, specifically referring to the arguments in Dr. Montgomery's motion to dismiss, when she claims that she did not even receive the motion until August 12. Moreover, her motion to set aside did not even mention the fact that she allegedly received the motion late.

In sum, we find no error in the trial court's decision to deny Ms. Zulueta's motion to set aside the order dismissing her complaint. *Cf. **Walker v. Baker***, 738 S.W.2d 194, 195 (Tenn. Ct. App. 1987) (finding that sufficient notice of a motion for default judgment was given, despite the defendant's assertion that he did not receive it until ten days after it was mailed).

As noted above, Dr. Montgomery contends that this appeal is frivolous and that he should be awarded his attorney's fees on appeal. Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one that is devoid of merit or has little prospect for success. ***Robinson v. Currey***, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004). The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court. ***Whalum v. Marshall***, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)). We exercise our discretion under this statute sparingly so as not to discourage legitimate appeals. ***Id.*** However, "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." ***Id.*** at 181 (quoting *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977)). In this case, Ms. Zulueta was properly served by mail with the motion to dismiss, and she failed to present any credible evidence to the contrary. In addition, her brief on appeal fails to cite a single authority in support of her arguments. Thus, we find it equitable to award Dr. Montgomery his attorney's fees on appeal.

## V.  CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court.  Costs of this appeal are taxed to the appellant, Edna Zulueta, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.